JOHNSON, Judge.
This is an appeal from an order of the trial court dismissing with prejudice plaintiff’s amended complaint which was brought to set aside a tax deed issued in 1958 on the ground that the same is void because of the alleged lack of certain statutory steps not having been taken in the issuance of the tax deed.
In the complaint, it is alleged, inter alia, that the plaintiff is the legal guardian of the estates of Reid Douthit and Otis Douth-it, incompetents, confined in the State Hospital for the Insane at Milledgeville, Georgia, who had inherited the lands in question from their grandfather, Thomas Douthit.
The complaint attacks the validity of a tax deed issued by the Clerk of Circuit Court of Holmes County to the appellee herein, purporting to convey to the ap-pellee the lands claimed by the appellant, which are the lands involved in this action. The deed purports to be based upon a tax certificate issued for the delinquent taxes for the year 1955. The complaint further alleges that the plaintiff paid the taxes for 1956 on February 25, 1957, and that the tax receipt contained the address of the plaintiff. (We are somewhat at a loss as to how the plaintiff could pay the 1956 taxes without redeeming the 1955 certificate, since the statute provides that lands upon which there is an outstanding certificate shall be placed on the assessment roll but the tax not extended.)
Plaintiff’s grounds alleged to support his charge that the tax deed is void are two, namely: (1) That proof of publication of notice of application for tax deed was not filed by the Clerk of the Circuit Court of Holmes County, in the office of said Clerk on or before the date fixed for making said sale, and (2) That the Clerk of Circuit Court failed to mail a copy of the notice of application for tax deed to the appellant herein, as required by law. The complaint does not allege whether the name of the owner and his address were listed on the assessment roll or not, but merely states that the notice of intention to apply for deed named Thomas Douthit as owner. This Court and our other appellate courts have held that the giving of this notice as required by the statute is jurisdictional, but in the case sub judice, because of a lack of proper allegations on this point in the complaint, which leaves us unenlightened as to the true facts, coupled with the further fact that the appellant seems to have abandoned this contention on this appeal, we will not comment *590 further on this point, but proceed to decide this case on the first point raised supra, and which is the point pursued in the briefs filed herein, namely: Are the provisions of Section 194.17, Florida Statutes, F.S.A., mandatory or merely directory?
Florida Statutes 194.17, F.S.A., was adopted by the Legislature in 1941 and provides :
“Proof of the publication or posting of the notice provided for in § 194.20 shall be filed by the clerk of the circuit court in his office on or before the date fixed for the making of the sale. Where there is no newspaper the clerk shall execute and file in his office a certificate as to the posting of such notices, stating where and on what dates the notices were posted.”
By filing his motion to dismiss the complaint, the defendant admitted the truth of matters well pleaded, so that we only need to determine what was intended by the above quoted statute.
Prior to 1941, this section of the Statute read as follows:
“Proof of the publication or posting of the notice provided for in the preceding Section shall be filed with the Clerk of the Circuit Court on or before the day fixed for the sale. No sale shall be made, and no tax deed shall be issued • unless such proof of publication or posting has been so filed with the Clerk. Where there is no newspaper, the Clerk shall execute a certificate as to the posting of such notices, stating where and on what dates the notices were posted.”
The Supreme Court of Florida had on several occasions been confronted with the last quoted statute and consistently held the terms thereof to be mandatory.[1] Said Section, as amended by the 1941 Legislature, has not been before any of the Florida Appellate Courts since said amended section was adopted. We feel, however that in view of the general overhaul and rewriting of the'general tax laws by the 1941 Legislature, wherein an effort was made to streamline the statutes, that the Legislature intended said Section to continue to be mandatory. A reading of the old and the new statute points out that in each the words “shall be filed with the Clerk of the Circuit Court on or before the day fixed for the sale,” were retained. (Emphasis supplied.) To repeat the second sentence contained in the old statute: “No sale shall be made, and no tax deed shall be issued unless such proof of publication or posting has been so filed with the Clerk,” seems to be repetitious and added nothing which was not already provided for in the first sentence. We think that if the Legislature had intended to reduce this provision of the law to a directory provision only, a different word would have been used than the word “shall” which connotes a mandatory character, and certainly, if directory only, why pinpoint a definite time of filing such as used in said Statute: “on or before the date fixed for sale.” We think the Legislature must be assumed to have known, and intended it to have, the plain and ordinary meaning of words and that the word “may” when given its ordinary meaning denotes a permissive term rather than the mandatory connation of the word “shall.”[2]
We recognized that the modern trend of legislative and judicial thinking is toward treating heretofore mandatory provision of our tax laws as directory only so that tax deeds could, in substance, be looked upon as more acceptable as evidence of good titles, but we do not think our courts are ready to convert by judicial fiat the heretofore mandatory provisions to directory provisions only.
*591 Florida Jurisprudence is a publication edited and published subsequent to the adoption 194.17, Florida Statutes, in 1941, and in Volume 31, page 340, we find this statement of the law: “Proof of the publication or posting of the notice must be filed by the clerk in his office on or before the date fixed for making of the sale of the property. * * * ” (Emphasis added.) Please note here the term “must” is used instead of shall. Cited hereunder are Supreme Court cases which considered the old law only, but this citation does support our view of the law as it presently exists.
It has been generally held by the courts of this and other states that the statutes must be strictly construed, and we concur in that holding and further hold that the matters pertaining to the notice that had for its purpose the taking away of one’s property rights is jurisdictional both as to giving thereof and the proper filing as required by statute.
Therefore, the order dismissing the complaint is reversed and said cause remanded for further proceeding not inconsistent with the views herein expressed.
SPECTOR, J., concurs.
WIGGINTON, Acting C. J„ dissents.

. Tax Securities Corporation v. Borland, 103 Fla. 63, 137 So. 151, and Coult v. McIntosh Inv. Co., 133 Fla. 141, 182 So. 594.

. Brooks v. Anastasia Mosquito Control District, 148 So.2d 64 (Fla.App.1st, 1963).