STONE, Judge.
This is an appeal from a judgment quieting title to real property in the purchasers of a tax deed. The appellant was the titleholder. The record reflects that the clerk failed to comply with the statutory requirement for attempting personal service of the notice of sale on resident owners by the sheriff. As a result, the tax deed is invalid and we reverse.
Section 197.522, Florida Statutes, sets forth the procedure for noticing titleholders upon an application for a tax deed. Subsection (1) provides for service by mail. Subsection (2) provides for the following additional notice:
In addition to the notice provided in subsection (1), the sheriff of the county in which the legal titleholder resides shall, at least 20 days prior to the date of sale, notify the legal titleholder of record of the property on which the tax certificate is outstanding. The original notice and sufficient copies shall be prepared by the clerk and provided to the sheriff. Such notice shall be served as specified in chapter 48; if the sheriff is unable to make service, he shall post a copy of the notice in a conspicuous place at the legal titleholder’s last known address. The inability of the sheriff to serve notice on the legal titleholder shall not affect the validity of the tax deed issued pursuant to the notice. A legal titleholder of record who resides outside the state may be notified by the clerk as provided in subsection (1). The notice shall be in substantially the following form:
WARNING
There are unpaid taxes on the property which you own. The property will be sold at public action on (date) unless the back taxes are paid. To make arrangements for payment, or to receive further information, contact the clerk of the court at (address), (telephone number). In addition, if the legal titleholder does not reside in the county in which the property to be sold is located, a copy of such notice shall be posted in a conspicuous place on the property by the sheriff of the county in which the property is located. However, no posting of notice shall be required if the property to be sold is classified for assessment purposes, according to use classifications established by the department, as nonagri-cultural acreage or vacant land.
It is clear that subsection (2) of the statute mandates that an effort be made to effect personal service where the owner is a resident, in addition to the attempted service by mail required by subsection (1).
It is undisputed that the clerk in this case made no effort to comply with subsection (2). The intentional failure to follow the statutory requirement resulted from an apparent misreading of the statute concerning the provisions in subsection (2) for posting notice and the circumstances under which posting is not required. We do not read these provisions as exempting the clerk from complying with the personal service requirement where, as here, the owners reside in the county.
The appellees note that the appellants are held to know that their taxes are delinquent.[1] See § 197.332, Florida Statutes (1989). The appellees argue that once a tax deed is issued, the appellants are *1010 barred from raising a lack of compliance with statutory notice requirements even where there was no actual or constructive notice of the sale. Appellees contend that sections 197.404 and 65.081(3), Florida Statutes, limit the grounds on which a tax deed may be found invalid and that the following curative provisions in those sections take precedence over the notice requirements of chapter 197.
Section 197.404:
A sale or conveyance of real or personal property for nonpayment of taxes shall not be held invalid except upon proof that:
(1) The property was not subject to taxation;
(2) The taxes had been paid before the sale of personal property; or,
(3) The tax certificate on the real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.
Section 65.081(3):
No defense to the action or attack upon the tax deed shall be made except the defense that the taxes assessed against the property had been paid by the former owner before issuance of the tax deed.
Obviously, the appellees’ interpretation of these sections would validate even a tax deed issued without compliance with any of the statutory notice requirements. Such an interpretation could hardly be intended by the legislature.
To the contrary, tax deeds have been repeatedly recognized as invalid where statutory procedures are not followed. See Wright v. Spriggs, 567 So.2d 3 (Fla. 4th DCA 1990); Weiss v. Prudential Enterprises, Inc., 387 So.2d 457 (Fla. 1st DCA 1980). See also Montgomery v. Gipson, 69 So.2d 305 (Fla.1954); Ozark Corp. v. Pattishall, 135 Fla. 610, 185 So. 333 (1938); Kovaleski v. Tallahassee Title Co., 391 So.2d 315 (Fla. 1st DCA 1980); Edgewood Boys Ranch v. Ernst, 376 So.2d 30 (Fla. 3d DCA 1979), cert. denied, 386 So.2d 636 (Fla.1980); Alper v. LaFrancis, 155 So.2d ,405 (Fla. 2d DCA 1963). It is unlikely that the legislature would seek to immunize the government from complying with the legislature’s own notice requirements.
We recognize that a failure to receive the mandated notice will not invalidate a tax deed issued after compliance with statutory notice requirements. Al-wani v. Slocum, 540 So.2d 908 (Fla. 2d DCA), rev. denied, 548 So.2d 662 (Fla.1989); Levy v. Ippolito, 503 So.2d 1308 (Fla. 2d DCA 1987). However the failure of the government, here, to afford the property owners the protections required by law is significantly different from those circumstances where public officials do comply with the statute but the notice is not received.
Because there is a superficial conflict between the statutes, we certify the following question to the supreme court as one of great public importance:
WHETHER FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF SECTION 197.522, FLORIDA STATUTES, INVALIDATES THE ISSUANCE OF A TAX DEED NOTWITHSTANDING THE LANGUAGE IN SECTIONS 197.404 AND 65.081(3), FLORIDA STATUTES?
We consider the other grounds for reversal to be without merit.
Therefore, the final judgment is reversed and remanded for further proceedings.
ANSTEAD and GUNTHER, JJ., concur.

. We note that in this record the question of whether the owners had actual notice by receipt of the mailed notice is unresolved as the notice was not mailed to their present residence.