608 So.2d 806 (1992)
Ron DAWSON, Sr., et Ux., Petitioners,
v.
Abe SAADA, et Ux., Respondents.
No. 77669.
Supreme Court of Florida.
November 25, 1992.
Rehearing Denied February 18, 1993.
*807 Ernest A. Alexas and Charles P. Johnson, Jr., Fort Lauderdale, for petitioners.
Thomas J. Tighe of Lunny, Tucker, Karns & Tighe, Fort Lauderdale, for respondents.
HARDING, Justice.
We have for review Saada v. Dawson, 573 So.2d 1008 (Fla. 4th DCA 1991), in which the Fourth District Court of Appeal certified the following question as one of great public importance:
WHETHER FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF SECTION 197.522, FLORIDA STATUTES, INVALIDATES THE ISSUANCE OF A TAX DEED NOTWITHSTANDING THE LANGUAGE IN SECTIONS 197.404 AND 65.081(3), FLORIDA STATUTES?
Id. at 1010. We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution.
Don and Doris Dawson brought suit seeking to quiet title to real property based on a tax deed issued by the Clerk of the Circuit Court of Broward County in September 1988. Abe and Regina Saada, titleholders by virtue of a warranty deed, counterclaimed to set aside the tax deed on the ground that it was not issued in conformity with statutory notice procedures. Saada contended that the clerk's failure to provide proper notice of the location of the tax sale, and the sheriff's failure to serve additional notice that Dawson had applied for a deed to the property, rendered the deed invalid. The trial court entered judgment upholding the validity of the tax deed, concluding that "[the clerk's office] discharged their obligation to notify [Saada] on several occasions," and that it was Saada's responsibility as record owner of the tax-delinquent property to know that taxes were owed and to make sure they were paid. The Fourth District Court of Appeal found that "the clerk failed to comply with the statutory requirements for attempting personal service of the notice of sale on resident owners by the sheriff" as provided in section 197.522(2), Florida Statutes (1987). Saada, 573 So.2d at 1009. The district court held that the validity of a tax deed depends upon strict compliance with the notice provisions of section 197.522(1) and (2), and thus reversed the trial court's judgment.
Section 197.522 sets forth the procedure for giving notice to property owners that a tax sale purchaser has applied for a deed to their property. Section 197.522(1) provides in relevant part:
(1)(a) The clerk of the circuit court shall notify, by certified mail with return receipt requested ... the persons listed in the tax collector's statement .. . that an application for a tax deed has been made. Such notice shall be mailed at least 20 days prior to the date of sale... .
(b) The clerk shall enclose with every copy mailed a statement as follows:
WARNING: There are unpaid taxes on property which you own or in which you have a legal interest. The property will be sold at public auction on (date) unless the back taxes are paid... .
... .
(d) The failure of anyone to receive notice as provided herein shall not affect the validity of the tax deed issued pursuant to the notice.
Section 197.522(2) provides for the following additional notice:
(2) In addition to the notice provided in subsection (1), the sheriff of the county in which the legal titleholder resides shall, at least 20 days prior to the date of sale, notify the legal titleholder of record of the property on which the tax certificate is outstanding. The original notice and sufficient copies shall be prepared by the clerk and provided to the sheriff. Such notice shall be served as specified in chapter 48; if the sheriff is unable to make service, he shall post a copy of the notice in a conspicuous place at the legal titleholder's last known address. The inability of the sheriff to serve notice on the legal titleholder shall not affect the *808 validity of the tax deed issued pursuant to the notice.
The record reflects that the clerk complied with the notice requirements of section 197.522(1).[1] However, the sheriff was unable to serve the additional notice provided by section 197.522(2) because the clerk did not prepare the necessary documents. Saada contends that he was denied due process because the statutory notice requirements of subsection (2) were not strictly complied with in this case.

I. Notice Requirements
A landowner whose property is to be sold for delinquent taxes undoubtedly has a vested ownership interest in the subject property and is therefore entitled to notice of a pending tax deed sale. Wright v. Spriggs, 567 So.2d 3 (Fla. 4th DCA 1990). However, we do not agree with Saada's contention that due process requires strict compliance with the notice provisions in both subsections of section 197.522. In any proceeding which is to be accorded finality, due process requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Subject to this limitation, the legislature has the authority to determine the extent and character of the notice which shall be given by the state before property is sold for nonpayment of taxes.
Florida's statutory scheme governing the sale of real property for the collection of delinquent taxes and the validity of tax deeds issued pursuant to such sales is comprehensive. The notice provisions contained in chapter 197 are an integral part of that scheme. Section 197.522(1) meets constitutional due process requirements by mandating notice reasonably calculated to apprise landowners of the pending deprivation of their property. Section 197.522(2) provides an additional opportunity for owners of tax-delinquent property to redeem their interest when circumstances allow the sheriff to make service of notice upon the landowner. However, the legislature has clearly stated that any failure on the part of the sheriff to serve notice upon the titleholder would "not affect the validity of the tax deed." § 197.522(2), Fla. Stat. (1987). Moreover, "[t]he failure of anyone to receive notice" as provided in section 197.522(1) does not affect the validity of the tax deed as long as the clerk complies with the notice requirements of subsection (1).
Based upon the plain language of section 197.522, we find that subsection (1) specifies the mandatory duties of the clerk upon an application for a tax deed, namely that the clerk must notify by mail the persons listed in the tax collector's statement. However, subsection (2), which provides for additional notice by the sheriff, is directory only.
This construction of section 197.522 is consistent with the modern trend of courts to regard many statutory provisions relating to the validity of tax sales as merely directory rather than jurisdictional. See Saunders v. Quantrell, 206 So.2d 645 (Fla. 1968), in which this Court adopted in full Judge Wigginton's dissent in Gilliam v. Saunders, 200 So.2d 588 (Fla. 1st DCA 1967). Gilliam involved an attack upon the validity of a tax deed because certain statutory provisions had not been followed in the issuance of the tax deed. As Judge Wigginton noted, under early common law every presumption was against the validity of a tax sale, and one claiming title under such a sale had to prove strict compliance with the appropriate statutory provisions. However, under this common-law approach tax titles were very difficult to establish, and the state was consequently hampered *809 in its ability to collect taxes. See Gilliam, 200 So.2d at 593 (Wigginton, J., dissenting) (quoting Consolidated Motors, Inc. v. Skousen, 56 Ariz. 481, 109 P.2d 41, cert. denied, 314 U.S. 631, 62 S.Ct. 64, 86 L.Ed. 507 (1941)). In response to this dilemma, legislatures passed statutes relaxing the strict common-law requirements regarding proof of validity of tax sales. Courts have responded in kind by regarding many provisions as directory only. Id.
In the instant case, a copy of the Notice of Application for Tax Deed was duly mailed to Saada and other interested parties as required by section 197.522(1). Due to the clerk's failure to prepare the necessary documents, however, the local sheriff was unable to serve additional notice pursuant to section 197.522(2). The clerk followed the statutory notice procedure, and a valid tax deed was issued to Dawson. The sheriff's failure to serve notice upon the titleholder did not invalidate the tax deed.

II. Invalidity of Tax Deed
The question as phrased by the district court also requires us to consider the effect of sections 65.081(3)[2] and 197.404,[3] Florida Statutes (1987), which specify the defenses to either a tax deed or tax sale. Dawson contends that sections 65.081(3) and 197.404 supersede section 197.522, thereby excluding insufficient notice as grounds for challenging the validity of tax deeds. Under Dawson's interpretation of these sections, a tax deed would be valid even without compliance with any of the statutory notice requirements. If this Court approved Dawson's interpretation of sections 65.081(3) and 197.404, then we would also be required to find the statutes constitutionally invalid insofar as they would permit the sale of property without notice to the affected owners. Such a result contravenes the "elementary and fundamental requirement of due process[,]" namely notice to the interested parties. Mullane, 339 U.S. at 314, 70 S.Ct. at 657. Mindful of our obligation to interpret statutes so as to uphold rather than invalidate them, we reject Dawson's interpretation.
The statutes at issue operate on the same subject, but are "without positive inconsistency or repugnancy in their practical effect and consequences [and thus] should each be given the effect designed for them unless a contrary intent clearly appears." State v. Gadsden County, 63 Fla. 620, 629, 58 So. 232, 235 (1912). Thus, the legislature must have intended for sections 65.081(3) and 197.404 to be read in pari materia with section 197.522, so as to give each part a field of operation. Whittington v. Davis, 159 Fla. 409, 414, 32 So.2d 158, 161 (1947). Other jurisdictions that have considered statutes similar to sections 65.081(3) and 197.404 have concluded that defects of form may be "cured" by the statutes, but not a jurisdictional defect which occurs when notice does not satisfy due process requirements. See, e.g., Shaffer v. Mareve Oil Corp., 157 W. Va. 816, 204 S.E.2d 404 (1974); Bogart v. Lathrop, 90 Nev. 230, 523 P.2d 838 (1974). Accordingly, we find that sections 65.081(3) and 197.404 specify the bases by which either a tax deed or tax sale may be invalidated, provided that there has been compliance with the notice requirements of section 197.522(1). Without the notice mandated by section 197.522(1), the fundamental requirement of due process has not been satisfied and the tax deed or sale is not valid.
Dawson next argues that federal and state due process requirements are *810 met by section 197.332, Florida Statutes (1987),[4] which imposes an affirmative duty on all property owners to know of and to pay their current and delinquent taxes. While we agree that all taxpayers are under an obligation to know the tax status of their property, "knowledge of delinquency in the payment of taxes is not equivalent to notice that a tax sale is pending." Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983). The duty imposed upon owners of Florida land by section 197.332 does not relieve the state of its constitutional obligation to inform interested parties of the pendency of a tax sale. See id. at 799, 103 S.Ct. at 2711-12.
Thus, as qualified by the above opinion, we answer the question as posed in the affirmative. Failure to comply with the notice requirements of section 197.522 invalidates the issuance of a tax deed, notwithstanding the language in section 197.404 and 65.081(3). However, based on our conclusion that section 197.522(2) is directory only, we hold that the statutory notice requirements have been fully complied with when the clerk adheres to the mandatory provisions contained in section 197.522(1). Accordingly, we quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The record does not indicate whether the owners actually received notice because the notice was not mailed to their present residence. However, section 197.522(1)(d), Florida Statutes (1987), specifically provides that "failure of anyone to receive notice as provided herein shall not affect the validity of the tax deed issued pursuant to the notice." Thus, the relevant issue is whether the clerk complied with the notice provisions, not whether the owner actually received notice.
[2] Section 65.081(3), Florida Statutes (1987), provides that "[n]o defense to the action or attack upon the tax deed shall be made except the defense that the taxes assessed against the property had been paid by the former owner before issuance of the tax deed."
[3] Section 197.404, Florida Statutes (1987), provides that:

A sale or conveyance of real or personal property for nonpayment of taxes shall not be held invalid except upon proof that:
(1) The property was not subject to taxation;
(2) The taxes had been paid before the sale of personal property; or
(3) The tax certificate on the real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.
[4] Section 197.332, Florida Statutes (1987), provides:

The tax collector has the authority and obligation to collect all taxes as shown on the tax roll by the date of delinquency or to collect delinquent taxes by sale of tax certificates on real property... . All owners of property shall be held to know that taxes are due and payable annually and are charged with the duty of ascertaining the amount of current or delinquent taxes and paying taxes before the date of delinquency.