759 So.2d 17 (2000)
Richard LITTLE and Bonnie Little, Appellants,
v.
David D'ALOIA d/b/a DWDW and Associates, as assignee of The City of Temple Terrace, Appellee.
No. 2D99-1335.
District Court of Appeal of Florida, Second District.
March 17, 2000.
Rehearing Denied May 3, 2000.
*18 Patti W. Woodruff of Gibbons, Smith, Cohn & Arnett, P.A., Tampa, for Appellants.
Jeffrey A. LeHeup of LeHeup & Associates, P.A., Temple Terrace, for Appellee.
CASANUEVA, Judge.
Richard and Bonnie Little, husband and wife, appeal a final judgment of foreclosure of an administrative lien imposed by the City of Temple Terrace.[1] The Littles assert that the City's failure to comply with the statutory notification requirements preceding foreclosure resulted in their being deprived of property without due process of law. Under the particular circumstances of this case, we agree and remand for further proceedings.
In 1968 the Littles purchased residential property in Temple Terrace. They lived in the home while Mr. Little completed his studies at the University of South Florida but later moved away to pursue career opportunities. The property was either rented or left vacant, with one exception when they temporarily reoccupied the home for a short time. During the time relevant to this appeal, the Littles resided in Orlando, Florida, and visited the property periodically to maintain it.
Until the City imposed the lien in question in this case, there were no encumbrances on the title and all taxes had been promptly paid. In fact, their current physical address is of record with the Hillsborough County Tax Collector's office as well as with the City. Additionally, the Littles have a post office box in Orlando to receive mail.
Responding to complaints about the alleged neglected condition of the property, in May 1997, municipal code enforcement officers inspected the property and found it in extreme disrepair. A Notice of Violation of Municipal Code was issued on May 22. The City posted the notice on the property and at the Temple Terrace City Hall, and, in accord with the statutory requirements, mailed the notice to the Littles' current physical address in Orlando, return receipt requested; the City also sent the notice to their Orlando post office box. The notice sent to the residence address was returned as unsigned and unclaimed. The notice sent to the post office box was returned due to an incorrect box number; the Littles had changed it in 1995. When it returned the notice, the United States Postal Service provided the correct box number on the face of the returned notice. The Littles admitted to seeing unspecified notices posted on their property in May, 1997, when they were engaged in maintenance there.
Although the Littles sought to correct the violations, the City remained dissatisfied with the property's condition and, on June 24, 1997, issued a notice of hearing on the alleged violations. This notice was again sent to the incorrect Orlando post office box number.[2] The City did not send the second notice, the notice of hearing, to the current residence address it had on file, as it had the notice of violation. The City sent no renotice of hearing after it became aware of the correct post office box number. Also as before, a copy of the notice was posted on the property and at City Hall. Unfortunately, during this period the Littles did not visit the property, and because the notice of hearing was sent to the incorrect box number, they received no notice of the July 10, 1997, hearing. At the hearing, an order issued finding the Littles in violation of the City's municipal code and requiring them to bring the property into compliance by July 31, 1997. Failure to do so would thereafter result in imposition of a daily fine of $100. When the City recorded this order in Hillsborough *19 County's public records, it became a lien on the property.
The Littles claim they possessed no knowledge of the lien and of the accruing fines until April 1998, when the City contacted them demanding both payment of the fine and compliance with the code. In June 1998, the City instituted this lien foreclosure action. The City moved for summary judgment, which the trial court granted, and a judicial sale was ordered. The Littles then brought this appeal.
The Littles contend the City did not comply with the statutory procedures set out in section 162.12, Florida Statutes (1997). These procedures are as follows:
162.12. Notices
(1) All notices required by this part shall be provided to the alleged violator by certified mail, return receipt requested; by hand delivery by the sheriff or other law enforcement officer, code inspector, or other person designated by the local governing body; or by leaving the notice at the violator's usual place of residence with any person residing therein who is above 15 years of age and informing such person of the contents of the notice.
(2) In addition to providing notice as set forth in subsection (1), at the option of the code enforcement board, notice may also be served by publication or posting, as follows:
(a) 1. Such notice shall be published once during each week for 4 consecutive weeks (four publications being sufficient) in a newspaper of general circulation in the county where the code enforcement board is located. The news-paper shall meet such requirements as are prescribed under chapter 50 for legal and official advertisements.
2. Proof of publication shall be made as provided in ss. 50.041 and 50.051.
(b) 1. In lieu of publication as described in paragraph (a), such notice may be posted for at least 10 days in at least two locations, one of which shall be the property upon which the violation is alleged to exist and the other of which shall be, in the case of municipalities, at the primary municipal government office, and in the case of counties, at the front door of the courthouse in said county.
2. Proof of posting shall be by affidavit of the person posting the notice, which affidavit shall include a copy of the notice posted and the date and places of its posting.
(c) Notice by publication or posting may run concurrently with, or may follow, an attempt or attempts to provide notice by hand delivery or by mail as required under subsection (1).
Evidence that an attempt has been made to hand deliver or mail notice as provided in subsection (1), together with proof of publication or posting as provided in subsection (2), shall be sufficient to show that the notice requirements of this part have been met, without regard to whether or not the alleged violator actually received such notice.
"In any proceeding which is to be accorded finality, due process requires notice `reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).[3]See also City of Tampa v. Braxton, 616 So.2d 554 (Fla. 2d DCA 1993) (statutes in derogation of common law are to be strictly construed). The City argues that it complied with the notice requirements outlined in section 162.12(1) by mailing the notice of violation to the post office box number it had on file and to the Littles' current residence address, return receipt requested, even though both these *20 notices were returned, the first for having the wrong box number and the second as unsigned and unclaimed. This procedure was sufficient as far as it went, that is, for the notice of violation. When the City received notice of the correct post office box number, it did not avail itself of this correct box number to mail the next notice, the notice of hearing. Because the City had actual notice of the corrected post office box, in addition to the knowledge of the abortive first mailing to the residence address, it would have been reasonable under these circumstances to use the corrected box number in light of the deprivation of property the Littles were potentially facing. As the City had done for the notice of violation, it also would have been reasonable to send the second notice, the notice of hearing, to the current residence address, which the City had, return receipt requested, even if it were again returned unclaimed and unsigned. The City's argument that it fulfilled all the requirements of the statute does not persuade us because either alternative would have sufficed, but the City failed to do either.
The question here is not whether the owners actually received notice, which is not demanded by section 162.12, nor always required by law, see Evans v. Ireland, 707 So.2d 1135, 1137 (Fla. 2d DCA 1998), but whether the notice provided by the City satisfied the statutory requirements. We hold that where the City had actual knowledge of the correct mailing address, here, the corrected post office box number or the correct residence address, and failed to provide the notice of hearing to either correct address, it failed to comply with the due process requirements of section 162.12. Had the City mailed the second notice, the notice of hearing, to the correct residence address, as it did for the first notice, it would have fully complied with the statutory procedures. Alternatively, the City could have mailed the second notice to the correct box office address when it received notice from the postal service of the change in box number. As a consequence of the City's failure to do either, the Littles were denied the due process contemplated by Mullane, reasonable under these circumstances.
As a fallback argument, the City argues that the posting of the notices on the property and at City Hall, as outlined in section 162.12(2)(b)1, and thus the Littles' actual receipt of the first notice of violation that they found on their property, were sufficient to accord them due process. We are not persuaded by this argument because the language of subsection (2) clearly states that the posting method is "in addition to providing notice as set forth in subsection (1)." "In addition to" does not mean "instead of." Cf. Dawson, 608 So.2d at 810 (holding that posting of notice procedures outlined in section 197.522(2), Florida Statutes (1987), is directory rather than jurisdictional and that as long as mandatory statutory notification procedures of section 197.522(1) are complied with, tax deed is not invalidated).
We reverse the final summary judgment of foreclosure, vacate all subsequent orders based on it, such as any new deed that was issued as a result of the judicial sale, and remand for further proceedings.
PARKER, A.C.J., and DAVIS, JJ., Concur.
NOTES
[1] The rights in the litigation and final judgment of foreclosure have been assigned to appellee David D'Aloia.
[2] Admittedly, the City received the notice of the corrected box number after it had sent out the second notice, the notice of hearing. Although this may explain certain of the City's actions, we do not find that it excuses them, as explained below.
[3] Dawson dealt with the validity of a tax deed issued by a municipal clerk after the clerk complied with the mandatory notice requirements of section 197.522(1), Florida Statutes (1987), but the clerk failed to comply with the notification requirements of section 197.522(2).