923 So.2d 535 (2006)
Timothy BOZEMAN, Appellant,
v.
Brad HIGGINBOTHAM, Appellee.
No. 1D04-5081.
District Court of Appeal of Florida, First District.
February 9, 2006.
Rehearing Denied March 22, 2006.
*536 Kenneth W. Sukhia, Esquire, Fowler, White, Boggs, Banker, P.A., Tallahassee, for Appellant.
Robert M. Ervin, Jr., Esquire, Ervin, Chapman & Ervin, Tallahassee, for Appellee.
HAWKES, J.
Appellant, Timothy Bozeman, an investor in tax certificates and tax deeds, appeals from the trial court's order nullifying the tax deed he purchased for the home of Appellee, Brad Higginbotham. Appellant argues that, because the tax collector complied with the statutory requirements of section 197.522(1)(a), Florida Statutes, sale of the tax deed is final, and the trial court lacks discretion to set aside the sale. We agree and reverse.
The record reveals Higginbotham failed to ever pay property taxes after purchasing and improving his property. Several years later, the clerk of the circuit court sent Higginbotham notice that application for a tax deed had begun, and unless the delinquent taxes were paid in full, he could lose his property. The notice was sent by certified mail to the address Higginbotham had listed as his address and was his last known address, as required by section 197.522(1)(a), Florida Statutes. The notice was returned, stamped "Return to Sender Attempted Not Known."
Higginbotham's testimony that he never received actual notice that a tax deed sale of his property was scheduled was uncontested. However, Higginbotham's actual notice is not required. If the clerk complies with the requirements of section 197.522(1)(a), as the clerk did here, the failure of the party to receive notice shall not affect the validity of the tax deed issued pursuant to the notice. See § 197.522(1)(d), Fla. Stat.; Dawson v. Saada, 608 So.2d 806 (Fla. 1992). "[T]he relevant issue is whether the clerk complied with the notice provisions, not whether the owner actually received notice." Dawson, 608 So.2d at 808, n. 1.
Here, the trial court found that even though the clerk complied with the statutory requirements, greater effort to assist *537 Higginbotham could have been undertaken. The court evidently concludes that if greater effort had been undertaken, Higginbotham would have paid his taxes and avoided issuance of the tax deed. However, something more can always be done. The clerk complied with the statutory requirements, and nothing more is required.
In reaching its result, the trial court expressly declined to follow Florida Supreme Court precedent. The court noted that, "although stare decisis normally requires deference to prior precedent, there are occasions when a departure is necessary in order to vindicate plain and obvious principles of law, and to remedy continued injustice." The court reasoned that "[p]erpetuating an error in legal thinking under the guise of stare decisis serves no one well and only undermines the integrity and credibility of a court." Based on the foregoing, the court concluded it may "reexamine the law which may be applicable to a case even to the extent of reconsidering the correctness of the conclusions announced in previous cases. And, if the court is a trial court, pointing out such to appellate courts."
Although the trial court may bring its concerns regarding the application of specific case law to the appellate courts, it is always bound to follow binding precedent. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973). The trial court erred by failing to apply Florida Supreme Court precedent to the instant case.
In summary, the clerk complied with the statutory requirements prior to issuing the tax deed. Higginbotham's failure to receive notice does not affect the tax deed's validity. The trial court erred by nullifying the tax deed. The order nullifying the tax deed is REVERSED, and the case REMANDED. On remand, the court should grant the writ of assistance filed by Appellant.
KAHN, C.J., and BENTON, J., concur.