ORFINGER, J.
Surna Construction, Inc., as Trustee for Trust Number B-9356, and Health Insurance Plus, LLC, as Trustee for Trust Number 9356-B (collectively “Surna”), appeal a final summary judgment invalidating a tax deed sale rendered in favor of the intervenor, Philip Morrill. Surna argues that the court erred when it determined that (1) the intervenor, Morrill, was entitled to notice of the tax deed sale under section 197.502(4)(h), Florida Statutes (2007); (2) section 197.522, Florida Statutes (2007), was unconstitutional as applied to the facts of this case; and (3) the Orange County Property Appraiser violated section 197.192, Florida Statutes (2004), when it assigned separate parcel numbers to the property at a time when taxes were outstanding on the property. For the reasons expressed below, we affirm in part and reverse in part.

BACKGROUND

Bay Vista Estates is a platted subdivision in Southwest Orange County, Florida. Some of the subdivision lots have direct access to Big Sand Lake; however, most do not. To enable all of the residents of Bay Vista Estates to enjoy access to the lake, in 1982, the subdivision developer, Sand Lake Properties (“Developer”), obtained an easement for “recreation and park purposes only” over a parcel of property that bisected the property which would soon be platted as Bay Vista Estates Unit 1. The easement property fronted on Big Sand Lake at one end and Apopka-Vineland Road at the other. The easement agreement, recorded in the pub-lie records of Orange County, made clear that the easement was for the sole use and benefit of the residents of a parcel described in the agreement by metes and bounds.[1] The easement agreement required Developer, or its assigns, to pay all the real estate taxes imposed on the property encumbered by the easement, and gave Developer, and its assigns, the right to improve the easement property with a boat dock, tennis courts and similar amenities.
Several months after obtaining the easement agreement, Developer recorded the plat for Bay Vista Estates Unit 1. The easement property was shown on the plat, but was clearly excluded from the subdivision, though contiguous to it on both sides. Developer, and later the Bay Vista Homeowner’s Association (Bay Vista HOA), to whom Developer had assigned its easement rights in 1993, improved the easement property by erecting a boat dock, fencing and landscaping for the use solely by Bay Vista residents.
When the easement’s property taxes for the years 1999 and 2000 went unpaid, tax certificates were sold to George Roberts in 2000 and 2001. Five years later, Roberts applied for the issuance of tax deeds. The tax collector’s certification to the clerk of the circuit court named the fee owner of the easement property as the only person or entity entitled to notice under section 197.502(4). The clerk sent notice to the fee owner, but it was returned unclaimed. The sheriff was likewise unable to serve the fee owner with the statutory notice concerning the impending issuance of tax certificates as required by section 197.522, or post the property itself because the sheriff was unable to locate an address for the property. Instead, the sheriff posted *50 the notice at the fee owner’s last known address. Notice of the sale was also published in the Orlando Sentinel. Ultimately, the easement property was sold for taxes to Surna, which posted “no trespassing” signs on it and prevented the Bay Vista residents from accessing the lake.
Bay Vista HOA then turned to the courts, seeking a declaration that its easement had survived the tax deed sale. Sur-na counterclaimed, seeking to quiet title to the property. Morrill, who owns a lot in Bay Vista Estates contiguous to the easement property, filed a motion to intervene, alleging, among other things, that he was entitled to notice of the tax deed sale pursuant to section 197.502(4)(h) and that the failure to notify him rendered the tax deed sale void. The court allowed Mor-rill’s intervention, and subsequently, entered summary final judgment in his favor, setting the tax deed sale aside due to the lack of notice to him. This appeal followed.

ANALYSIS

When an application for a tax deed is made, section 197.502(4) requires the tax collector to provide a statement to the clerk of the circuit court, indicating, among other things, those persons who are to be notified prior to the sale of the property. Persons entitled to notice include any legal titleholder of record of property that is contiguous to the property described in the tax certificate, when the property described is either submerged land or the common element of a subdivision. § 197.522(4)(h), Fla. Stat. (2007).[2] Pursuant to section 197.522(l)(a),[3] the clerk of the circuit court is required to give notice by certified mail to those persons listed in the statement provided by the tax collector pursuant to section 197.502(4). Here, it is undisputed that Morrill’s property is contiguous to the property described in the tax certificate. As a result, he would be entitled to notice if the tax certificate property is either submerged land (other than sovereign property) or the common element of a subdivision.
Section 193.0235, Florida Statutes, which concerns the assessment of ad valo-rem taxes and non-ad valorem assessments against subdivision property, explains that the term “common element” includes:
*51 (a) Subdivision property not included within lots constituting inventory for the developer which are intended to be conveyed or have been conveyed into private ownership.
(b) An easement through the subdivision property, not including the property described in paragraph (a), which has been dedicated to the public or retained for the benefit of the subdivision.
(c) Any other part of the subdivision which has been designated on the plat or is required to be designated on the site plan as a drainage pond, or detention or retention pond, for the exclusive benefit of the subdivision.
§ 193.0235(2), Fla. Stat. (2007) (emphasis added). It appears that section 193.0235(2)(b) applies here. As the plat clearly shows, the easement runs directly through Bay Vista Estates, and indeed, bisects it.[4]
Surna argues that the definition of common element found in section 193.0235(2) cannot apply because the unpaid taxes on the easement property were for 1999 and 2000 and the statute did not become law until 2004. We reject Surna’s position. The act amends the procedures for notification of a tax deed sale relating to submerged lands and common elements located in platted subdivisions. There is nothing in the act that excludes existing subdivisions from the protection it affords. See Op. Att’y Gen. Fla. 2003-63 (2003). Thus, although the Bay Vista Estates subdivision was platted more than twenty years before chapter 2003-284, Laws of Florida, enacted section 193.0235, it applies to this subdivision. More importantly, there is nothing to indicate that the easement property was not a common element of the subdivision before the effective date of the statute. And, the tax deed sale did not take place until 2007, well after the effective date of sections 193.0235(2) and 197.502(4)(h). Consequently, we conclude that the requirements for notification of the sale are governed by 197.502(4)(h), and the definition of common element in section 193.0235(2) was effective at the time of the sale, thereby, guiding a determination of whether the property was a -common element. We conclude Morrill fits squarely into the category of persons entitled to notice pursuant to section 197.522(4)(h) as he is the titleholder of record of property that is contiguous to the property described in the tax certificate, which property is a common element of the subdivision.[5]
In further support of Morrill’s claim of entitlement to notice, section 197.522(2)(b), Florida Statutes (2007), provides:
In addition to the notice provided in subsection (1), the clerk shall notify by certified mail with return receipt requested ... the persons listed in the tax collector’s statement pursuant to s.l97.502(4)(h) that application for a tax deed has been made....
Neither the failure of the tax collector to include the list of contiguous property owners pursuant to s.l97.502(4)(h) in his or her statement to the clerk nor the failure of the clerk to mail this notice to any or all of the persons listed in the tax collector’s statement pursuant to s.l97.502(4)(h) shall be a basis to challenge the validity of the tax deed issued pursuant to any notice under this section.
*52 (emphasis added). A plain reading of the statute indicates that Morrill was entitled to two notices, one under section 197.522(l)(a) and the other under section 197.522(2)(b).
Having determined that Morrill was entitled to notice under both section 197.522(l)(a) and (2)(b), we now consider the ramifications of the failure of those notices to be provided. In Dawson v. Saada, 608 So.2d 806 (Fla.1992), the supreme court considered a similar, though not identical notice problem. In that case, the delinquent property owner was entitled to notice from the clerk of the circuit court under section 197.522(1) and from the sheriff under section 197.522(2)(a). The clerk complied with the notice requirements of section 197.522(1). However, the sheriff failed to give the notice provided by section 197.522(2) because the clerk did not prepare the necessary documents. In the subsequent action to void the tax deed, the delinquent property owner, Saada, contended that he was denied due process because of the failure to strictly comply with the statutory notice requirements of section 197.522(2). Id. at 808. In rejecting that argument, the court held:
[W]e do not agree with Saada’s contention that due process requires strict compliance with the notice provisions in both subsections of section 197.522. In any proceeding which is to be accorded finality, due process requires notice “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). Subject to this limitation, the legislature has the authority to determine the extent and character of the notice which shall be given by the state before property is sold for nonpayment of taxes.
Florida’s statutory scheme governing the sale of real property for the collection of delinquent taxes and the validity of tax deeds issued pursuant to such sales is comprehensive. The notice provisions contained in chapter 197 are an integral part of that scheme. Section 197.522(1) meets constitutional due process requirements by mandating notice reasonably calculated to apprise landowners of the pending deprivation of their property. Section 197.522(2) provides an additional opportunity for owners of tax-delinquent property to redeem their interest when circumstances allow the sheriff to make service of notice upon the landowner. However, the legislature has clearly stated that any failure on the part of the sheriff to serve notice upon the titleholder would “not affect the validity of the tax deed.” § 197.522(2), Fla. Stat. (1987)....
Based upon the plain language of section 197.522, we find that subsection (1) specifies the mandatory duties of the clerk upon an application for a tax deed, namely that the clerk must notify by mail the persons listed in the tax collector’s statement. However, subsection (2), which provides for additional notice by the sheriff, is directory only.
Id. (some internal citations omitted).
Similar to the facts in Dawson, here, Morrill was entitled to mandatory notice under section 197.522(1) and directory notice under section 197.522(2) (b). While the failure to provide the required notice under section 197.522(2) may be excused, that can only occur if the clerk strictly complies with the mandatory notice requirement under section 197.522(1). Here, neither notice was provided. By enacting section 197.502(4), the Legislature has determined those parties with a suffi *53 cient stake in a tax sale to merit notice. Morrill was due notice, which was never sent. As a consequence, he was denied the process that he was due and the trial court was correct in voiding the tax sale.
For these reasons, we affirm the trial court’s conclusion that the tax deeds must be declared void. As a result, we need not consider the other conclusions made by the trial court, save one. The trial court found that the Orange County Property Appraiser improperly split the easement property into two parcels at a time when taxes were outstanding in violation of section of 197.192, Florida Statutes. That conclusion was erroneous because at the time the property appraiser assigned two parcel numbers to the subject property, no taxes were outstanding against it as the purchaser of the tax certificates had paid the taxes, interest, costs and charges in full. Consequently, the property appraiser was within his authority to assign separate parcel numbers to the property, which was, by then, bisected by a road.
AFFIRMED in part; REVERSED in part.
GRIFFIN and TORPY, JJ., concur.

. It appears that the property benefitted by the easement would later be platted as Bay Vista Estates, but the record is not entirely clear on that point. Nonetheless, it is clear that Morrill’s property is contiguous to the easement.

. Specifically, section 197.502(4)(h) describes the following legal titleholders of record who are entitled to notice:
Any legal titleholder of record of property that is contiguous to the property described in the tax certificate, when the property described is either submerged land or common elements of a subdivision, if the address of the titleholder of contiguous property appears on the record of conveyance of the land to that legal titleholder. However, if the legal titleholder of property contiguous to the property described in the tax certificate is the same as the person to whom the property described in the tax certificate was assessed on the tax roll for the year in which the property was last assessed, the notice may be mailed only to the address of the legal titleholder as it appears on the latest assessment roll. As used in this chapter, the term "contiguous” means touching, meeting, or joining at the surface or border, other than at a corner or a single point, and not separated by submerged lands. Submerged lands lying below the ordinary high-water mark which are sovereignty lands are not part of the upland contiguous property for purposes of notification.

. Section 197.522(l)(a), Florida Statutes (2007), provides, in pertinent part:
The clerk of the circuit court shall notify, by certified mail with return receipt requested or by registered mail if the notice is to be sent outside the continental United States, the persons listed in the tax collector’s statement pursuant to s. 197.502(4) that an application for a tax deed has been made. Such notice shall be mailed at least 20 days prior to the date of sale....

. Because we agree with the trial court ruling that the property described in the tax certificate is the common element of a subdivision, we need not consider the trial court’s conclusion that it is also, in part, submerged land.

. It is undisputed that, as the statute requires, Morrill's address appears on the face of his deed.