EVANDER, J.
Frank Ciolli appeals from the entry of a final summary judgment foreclosing a Code Enforcement Board lien against his property. Because there was a material disputed factual issue regarding whether the City of Palm Bay had given Ciolli proper notice of its Code Enforcement Board proceedings, we reverse.
On November 12, 2003, after a hearing, the City’s Code Enforcement Board issued an order finding that Ciolli’s property had not been maintained in accordance with Palm Bay’s City code.[1] The order further recited that Ciolli was required to bring the property into compliance within 15 days — after which a fine of $250.00 would be imposed for each day the violation(s) continued.
Ciolli allegedly failed to cure the violations and on February 12, 2004, the City filed a certified copy of the Code Enforcement Board’s order in the public records in an attempt to create a lien in favor of the City pursuant to section 162.09, Florida Statutes (2003).[2]
Approximately one year later, the City filed a complaint to foreclose on its claimed lien, alleging that Ciolli owed $10,475 as of January 21, 2005, plus prejudgment interest and attorney’s fees. Attached to the complaint was a certified copy of the order issued by the Code Enforcement Board.
Ciolli, a New York resident, was served a copy of the complaint in June 2005. Subsequently, Ciolli filed an answer and affirmative defenses. In his pleading, Ciolli alleged, inter alia, that he had not received proper notice of the Code Enforcement Board’s proceedings.
In December 2008, the City filed a motion for summary judgment. The motion was supported by an “Affidavit of Indebtedness” executed by the City Manager. In response to the City’s motion, Ciolli filed his own affidavit in which he asserted that he “was never served with proper notice of the City of Palm Bay Code Enforcement hearing and was continuously misled by [the City] as to the condition of the property in question and how [the City] would be handling this matter.”
In October 2009, the City filed an amended motion for summary judgment and a memorandum of law in support thereof. Attached to the memorandum was an unauthenticated copy of a return receipt from the United States Postal Service reflecting that an “article” addressed to Frank Ciolli had been delivered on October 28, 2003, to 7 Jessup Lane, West Hampton Beach, New York and signed for by Anita Ciolli.[3]
*297 In its memorandum, the City argued that the receipt “conclusively” demonstrated that Ciolli had been given proper notice of the November 12, 2003, Code Enforcement Board hearing.
The standard of review of an order granting summary judgment is de novo. Lederer v. Orlando Utils. Comm’n, 981 So.2d 521, 522 (Fla. 5th DCA 2008). The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Id. Pursuant to section 162.06, Florida Statutes (2003), the City was required to provide Ciolli with written notice of the Code Enforcement Board hearing by hand-delivery or mail as provided in section 162.12.[4]
In its lien foreclosure action, the City was required to show , that it had satisfied the statutory notice requirements. Little v. D’Aloia, 759 So.2d 17 (Fla. 2d DCA 2000). On appeal, Ciolli argues that a disputed issue of fact remains as to whether the City satisfied the notice requirements. We agree. The unauthenticated copy of the postal service receipt was woefully inadequate to rebut Ciolli’s affirmative defense and certainly did not “conclusively” establish that Ciolli received notice of the Code Enforcement Board proceedings. Indeed, the receipt does not reflect what “article” was mailed to Ciolli, whether the designated address was that of Ciolli and the nature of the relationship, if any, between Ciolli and Anita Ciolli. Furthermore, Florida Rule of Civil Procedure 1.510(c) provides that a party may rely upon “any affidavits, answers to interrogatories, admissions, depositions, and other materials as would be admissible in evidence” in support of a motion for summary judgment. An unauthenticated document attached to a memorandum of law does not fall within any of these permitted categories and does not constitute competent evidence. Romeo v. Romeo, 907 So.2d 1279 (Fla. 2d DCA 2005).
Alternatively, the City argues that Ciolli’s defenses are barred because Ciolli never appealed from the Code Enforcement Board order. We reject this argument as well. Not only did the City fail to present competent evidence that Ciolli had been provided proper notice of the November 12, 2003, hearing, it also failed to establish that Ciolli was timely provided with a copy of the Board’s ensuing order. The order’s certificate of service merely recites a conclusion that a copy of the order was “furnished by mail to Respondent and/or Respondent’s authorized counsel ...” No specific address was given in the certificate of service. While proof of mailing normally raises a rebuttable presumption that the mailed item was received, no such presumption arises when there is no evidence that the mailed item was sent to the correct address. See Star Lakes Estates Ass’n., Inc. v. Auerbach, 656 So.2d 271, 274 (Fla. 3d DCA 1995) (affidavit stating that notice was mailed to “the address listed in the *298 Association’s records” was insufficient to create presumption that notice was received because affidavit did not list actual address to which notice was allegedly-mailed, thereby making it impossible to determine if notice was mailed to correct address). The Florida Supreme Court has opined that a due process violation likely occurs where an administrative order is entered but never actually provided to the litigants, and the 80-day period to file a timely appeal then passed. Millinger v. Broward County Mental Health Div. & Risk Mgmt., 672 So.2d 24, 27 (Fla.1996).[5] Regardless, as previously noted, the City was required to show that it had complied with the statutory notice requirements.
REVERSED and REMANDED.
MONACO, C.J., and COHEN, J., concur.

. Specifically, the Code Enforcement Board found that there was "tall grass and weeds [and] an accumulation of trash and debris” on the property, and further that there had been a "failure to maintain every surface free of graffiti.”

. Section 162.09(3) provides that a certified copy of a Code Enforcement Board order imposing a fine may be recorded in the public records "and thereafter shall constitute a lien against the land on which the violation exists. ...”

.The record does not reflect the address at which Ciolli was served with a copy of the original complaint. However, early in the *297 case, the City served a motion for default to Ciolli at an address in Elmont, New York.

. Section 162.12 states in relevant part:
(1) All notices required by this part shall be provided to the alleged violator by:
(a) Certified mail, return receipt requested, provided if such notice is sent under this paragraph to the owner of the property in question at the address listed in the tax collector’s office for tax notices, and at any other address provided to the local government by such owner and is returned as unclaimed or refused, notice may be provided by posting ... and by first class mail directed to the addresses furnished to the local government with a properly executed proof of mailing or affidavit confirming the first class mailing....

. Chapter 162 does not specifically provide that a copy of the enforcement order must be provided to the violator. However, as observed in City of Tampa v. Brown, 711 So.2d 1188, 1189 (Fla. 2d DCA 1998), "[i]t is necessary to fill the procedural gaps in this statute by the common-sense application of basic principles of due process."