DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT,**
o/b/o **JORDYN BAKER,**
Appellant,

v.

**GUSTAVUS BAKER,**
Appellee.

Nos. 4D16-3129, 4D16-3131, 4D16-3132, 4D16-3175, 4D16-3176, 4D16-3179, 4D16-3180, 4D16-3183, 4D16-3184, 4D16-3185, 4D16-3186, 4D16-3189, 4D16-3192, 4D16-3194, 4D16-3298, 4D16-3300, 4D16-3302, 4D16-3316, 4D16-3317, 4D16-3325, 4D16-3332, 4D16-3335, 4D16-3336, 4D16-3338, 4D16-3342, 4D16-3344, 4D16-3346 and 4D16-3352

[December 13, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; John Patrick Contini, Judge; L.T. Case Nos. FMCE-11-008949 (44), FMCE-05-12631 (44), FMCE-14-005105 (44), FMCE-11-006661 (44), FMCE-15-0000137 (44), FMCE-15-010832 (44), FMCE-13-007427 (44), FMCE-14-004080 (44), FMCE-10-004790 (44), FMCE-14-010763 (44), FMCE-13-000070 (44), FMCE-14-007341 (44), FMCE-11-005723 (44), FMCE-14-009785 (44), FMCE-08-014480 (44), FMCE-04-000962 (44), FMCE-13-011756 (44), FMCE-10-000480 (44), FMCE-15-012067 (44), FMCE-97-013149 (44), FMCE-15-007907 (44), FMCE-15-014176 (44), FMCE-14-011745 (44), FMCE-12-006618 (44), FMCE-15-004297 (44), FMCE-15-013294 (44), FMCE-15-000801 (44), FMCE-15-005923 (44) and CSE Nos. 1377877591, 1218304448, 2000779290, 1359455256, 1383799431, 2000862932, 1279881925, 1346389080, 1296667308, 2000047883, 2000251912, 2000579476, 1266397060, 2000372682, 1296243419, 1044341327, 2000734800, 1313712507, 2000786720, 1041650141, 2000322284, 1222113945, 2000004279, 1242567712, 2000827215, 2000767855, 2000811717, 2000807160.

Pamela Jo Bondi, Attorney General, and Carrie R. McNair, Assistant Attorney General, Tallahassee, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

In this consolidated appeal, the Department of Revenue (the "DOR") appeals the trial court's denial of its motion for civil contempt due to failure to pay child support in twenty-eight separate cases.[1] In each case, the court's denial was based on its conclusion that the DOR's service of its motion via U.S. Mail was insufficient. Because this method of service is legislatively authorized and satisfies due process concerns, we reverse and remand.

In each of the underlying cases, the DOR filed a motion for civil contempt based on each appellee's non-payment of court-ordered child support. Some of the appellees were ordered to pay child support in conjunction with final dissolutions of marriage entered pursuant to Chapter 61 of the Florida Statutes and others were ordered to pay child support in conjunction with paternity judgments entered pursuant to Chapter 742 of the Florida Statutes. In each case, the DOR attached a certificate of service representing that a copy of its motion was served on the appellee "by regular US Mail." Similarly, the DOR sent a notice of hearing to each appellee "by regular US Mail." The notices provided that "FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD."

Each of the appellees failed to appear at their respective hearings, which took place in front of a hearing officer. Each hearing officer recommended that the court grant the DOR's motion for contempt and issue a writ of bodily attachment with varied purge amounts based on the individual facts of the case. Despite the foregoing, the trial court entered a blanket order rejecting each hearing officer's recommendations and denying the DOR's motions. In its order, the court found that, although permitted by statute, notice of a civil contempt proceeding provided by mail was constitutionally inadequate. This was incorrect.

---

[1] The other appellees and their case numbers are listed as follows: 4D16-3131/Paretty, 4D16-3132/Pierre, 4D16-3175/Philius, 4D16-3176/Muse, 4D16-3179/Henderson, 4D16-3180/Williams, 4D16-3183/Puckett, Jr., 4D16-3184/Guerrier, 4D16-3185/Justafort, 4D16-3186/Sanders, III, 4D16-3189/Thompkins, 4D16-3192/Davis, 4D16-3194/Sheppard, 4D16-3298/Brown, 4D16-3300/Brown, Jr., 4D16-3302/Sobush, 4D16-3316/Dawson, 4D16-3317/Forrest, 4D16-3325/Hall, 4D16-3332/Colson, 4D16-3335/Bent, 4D16-3336/Griffin, 4D16-3338/Williams, 4D16-3342/Fraser, 4D16-3344/Martinez, 4D16-3346/Dardy and 4D16-3352/Jean.

Family Law Rule of Procedure 12.615(b) governs the service of motions for civil contempt in support matters, and provides:

> **(b) Motion and Notice.** Civil contempt may be initiated by motion. The motion must recite the essential facts constituting the acts alleged to be contemptuous. No civil contempt may be imposed without notice to the alleged contemnor and without providing the alleged contemnor with an opportunity to be heard. The civil contempt motion and notice of hearing may be served in accordance with Florida Rule of Judicial Administration 2.516 provided notice is reasonably calculated to apprise the alleged contemnor of the pendency of the proceedings. The notice must specify the time and place of the hearing and must contain the following language: "FAILURE TO APPEAR AT THE HEARING MAY RESULT IN THE COURT ISSUING A WRIT OF BODILY ATTACHMENT FOR YOUR ARREST. IF YOU ARE ARRESTED, YOU MAY BE HELD IN JAIL UP TO 48 HOURS BEFORE A HEARING IS HELD." This notice must also state whether electronic recording or a court reporter is provided by the court or whether a court reporter, if desired, must be provided by the party.

Florida Rule of Judicial Administration 2.516(b)(2), in turn, states:

> Service on and by all parties who are not represented by an attorney and who do not designate an e-mail address, and on and by all attorneys excused from e-mail service, must be made by delivering a copy of the document or by mailing it to the party or attorney at their last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail is complete upon mailing.

Based on the foregoing, in a civil contempt proceeding for failure to pay child support, "service by mail is sufficient." *Pennington v. Pennington*, 390 So. 2d 809, 810 (Fla. 5th DCA 1980).

Additionally, both Chapter 61 (governing dissolution of marriages) and 742 (the paternity chapter) expressly provide that service of process via mail in child support actions comports with due process. In order to receive certain federal funding, the Legislature enacted sections 742.032(1) and 61.13(7)(a) of the Florida Statutes, wherein it created a State Case Registry system which requires "each party to any paternity or

child support proceeding" to file "information on location and identity of the party" with the tribunal and update that information as appropriate. Because the parties are statutorily required to keep their contact information current and accurate, the Legislature also provided that in any child support enforcement action, "the court of competent jurisdiction shall deem state due process requirements for notice and service of process to be met with respect to the party upon delivery of written notice to the most recent residential or employer address filed with the tribunal and State Case Registry." § 742.032(2), Fla. Stat. (2016); *see also* § 61.13(7)(c), Fla. Stat. (2016).

Despite this authority, the trial court found that notice of a motion for civil contempt by U.S. mail is constitutionally insufficient and, in doing so, also implicitly found that sections 742.032(2) and 61.13(7)(c) were unconstitutional. "The constitutionality of a state statute is a pure question of law subject to de novo review." *Fla. Dep't of Revenue v. Am. Bus. USA Corp.*, 191 So. 3d 906, 911 (Fla. 2016).

When considering the constitutionality of a statute, including a notice statute, courts "have a 'duty if reasonably possible . . . to adopt a reasonable interpretation of a statute which removes it farthest from constitutional infirmity.'" *State ex rel. Pittman v. Stanjeski,* 562 So. 2d 673, 677 (Fla. 1990) (quoting *Corn v. State,* 332 So. 2d 4, 8 (Fla. 1976) (footnote omitted)). "In interpreting a statute under constitutional challenge, we also have a responsibility to 'avoid declaring a statute unconstitutional if such statute can be fairly construed in a constitutional manner.'" *Id.* (quoting *Sandlin v. Criminal Justice Standards & Training Comm'n,* 531 So. 2d 1344, 1346 (Fla. 1988)).

"While a person facing civil contempt is not entitled to all of the due process rights afforded to a person facing indirect criminal contempt, he or she is nonetheless entitled to a proceeding that meets the fundamental fairness requirements of the due process clause of the Fourteenth Amendment." *Woolf v. Woolf,* 901 So. 2d 905, 911 (Fla. 4th DCA 2005). "This requires that the alleged contemnor be provided with adequate notice and an opportunity to be heard." *Id.* "Determining whether a particular method of notice is 'reasonably calculated' to provide adequate notice requires 'due regard for the practicalities and peculiarities of the case.'" *Vosilla v. Rosado,* 944 So. 2d 289, 294 (Fla. 2006) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.,* 339 U.S. 306, 314 (1950)). "Subject to this limitation, the legislature has the authority to determine the extent and character of the notice which shall be given by the state" before adverse action is taken against a party. *Dawson v. Saada,* 608 So. 2d 806, 808

(Fla. 1992) (noting that the legislature has authority to determine notice requirements for tax deed sale).

The Florida Supreme Court's holding in *Stanjeski* is illustrative of these principles. 562 So. 2d at 677–78. There, the court considered whether a provision within chapter 61 which allowed the clerk of court to automatically enter a judgment for unpaid child support after providing notice via certified mail complied with due process. *Id.* It held that it did, "find[ing] no due process problem with the utilization of certified mail as a means to give notice under the circumstances where the obligor (a) was served personally in the original proceedings and (b) was directed to provide the clerk with his mailing address and any subsequent changes to that address." *Id.* at 679. Considering similar notice issues in the context of a tax deed sale, the Florida Supreme Court recognized that service of notice of a tax deed sale via mail to the titleholder's last known address does not violate due process, even when the titleholder does not actually receive the notice, so long as the property appraiser has no reason to know or suspect that the address was no longer the titleholder's correct address. *Vosilla*, 944 So. 2d at 296–99. Collectively, these cases provide that notice by mail is sufficient for due process purposes when the party being notified has an ongoing duty to maintain its correct address with the notifying agency and the notifying agency has no indication that the address is incorrect. *See also* § 456.035, Fla. Stat. (providing that persons licensed by the Florida Department of Health are required to notify the Department of any change in address and, because of this requirement, service by regular mail to licensee's last-known address of record constitutes sufficient notice).

In the instant cases, the DOR sent appellees a copy of its contempt motion as well as the notice of hearing containing the required language outlined in Family Law Rule of Procedure 12.615(b) via U.S. mail to each appellees' last known address. Each appellee was personally served in the underlying dissolution or paternity action giving rise to the judgment requiring the payment of child-support and thereby knew that he or she had a continuing obligation to pay child support. Further, each appellee was required by statute to keep his or her mailing address updated in the State Court Registry. Under these circumstances, we hold that the trial court erred in ruling that notice by mail was inadequate and reverse and remand each case for further proceedings.

*Reversed and remanded.*

WARNER and TAYLOR, JJ., concur.

\*          \*          \*

*Not final until disposition of timely filed motion for rehearing.*