O’CONNELL, Justice.
The suit to quiet title out of which this appeal arose has been previously brought before this Court by the appellants, plaintiffs below, who successfully challenged an order on motion for summary judgment entered in favor of one defendant in the cause, F. Willard Hyslop. Wells v. *260 Thomas, Fla., 78 So.2d 378. The general factual background and nature of the controversy are fully disclosed in that opinion and need not be here detailed.
The summary decree which forms the basis for this appeal was entered for other defendants, the appellees, who are heirs of one W. T. Savage, a former owner of one of the parcels of land involved in the proceeding, covered by the same tax deed as that of Hyslop. It was the opinion of the court below that the tax deed under which appellants claim title was subject to attack by appellees, former owners, and was invalid by reason of defective notice in the proceedings leading to its issuance. Although the documentary evidence upon which the decree is predicated is in most respects the same as that before the Court in the former appeal, the decree in this case rests in part upon a point not urged or considered in that proceeding, the sufficiency or accuracy of the contents of the notice allegedly given pursuant to applicable statutes, F.S. § 194.16,194.18, F.S.A.
The statute relating to publication of notice of application for tax deed, Section 194.16, supra, provides that notice shall be in substantially the form specified, of which one requirement is that it shall state the name in which the property is assessed. The exhibits in this cause establish conclusively the fact that the property in question was assessed upon the tax rolls in the name of W. T. Savage, but the notice of application for tax deed stated that “The assessment of the said property under the said certificate issued was in the name of ‘Unknown’ * * * ”
The notice itself being a jurisdictional requirement in such cases, Wells v. Thomas, supra, it would seem to follow necessarily that a material defect in such notice would make the proceeding subject to attack by those for whose protection the statute was enacted. Upon the precise point involved, a question of misnomer or error in stating the name in which the property is assessed, this Court in an earlier case concluded that “This was a material variance,1 and rendered the publication of the notice ineffectual for the purpose designed.” Hightower v. Hogan, 69 Fla. 86, 68 So. 669, 671. See also Sinclair v. Alford, Fla., 72 So.2d 783. The ruling of the court in the case of Tindel v. Griffin, 157 Fla. 156, 25 So.2d 200, being confined to a conclusion as a matter of pleading that the bill under consideration simply failed to allege th,at the notice did not contain the information required by the statutes, does not appear to infringe upon the above cited principle and cases.
It is apparent, therefore, that whatever might be our conclusion as to other matters upon which the decree was predicated, with reference to an alleged failure to comply with the statutory provision for mailing of notice, the decree for appellees should be sustained for the reason above stated.
The final point raised relates to the breadth of the decree entered, and the propriety of the court’s order that the appellants’ deed be declared null and void in its entirety and expunged from the public records. Such relief was manifestly beyond the scope of the issues presented by appel-lees’ motion for summary judgment and improper upon the record before the court, particularly in view of the fact that the evidence upon which he predicated his ruling related solely to the property claimed by appellees, or sufficiency of notice to them, and not to owners of other parcels covered by the same deed.
The decree appealed from should accordingly be affirmed in part and reversed in part, and the cause remanded for amendment of same to conform herewith.
It is so ordered.
THOMAS and THORNAL, JJ., and CRAWFORD, Associate Justice, concur.
DREW, C. J., agrees to the conclusion.
TERRELL and ROBERTS, JJ., dissent.