HORTON, Judge.
This is an appeal from a summary judgment entered in favor of the appellee which awarded a money judgment on a liquidated claim. The appellant, defendant below, takes this appeal alleging a dispute as to material issues of fact which would preclude a summary judgment.
The amended complaint alleged a written contract between the parties and a subsequent breach by the appellant. The answer of the appellant admitted the execution of the written contract sued upon and raised the affirmative defense of accord and satisfaction. Specifically, the appellant alleged that the parties created a new contract under different terms. This contract was alleged to be written- and consisted of correspondence between the parties. At this stage of the proceedings, the only disputed issue under the pleadings was the alleged existence of a new written contract.
The appellee moved for summary judgment with an affidavit attached which denied any new contract. The appellant responded with affidavits which, in substance, claimed a misrepresentation by the appellee of the quality of the items sold under the contract, and the existence of an oral contract between the parties. Neither of these issues was raised by the pleadings and therefore were beyond the scope of the issues involved. Cf. Fink v. Powsner, Fla.App., 108 So.2d 324. The appellee filed a counter-affidavit to which were attached exhibits consisting of the correspondence between the parties. At best, the exhibits were offers or proposals-which were never accepted by the appellant. It was clearly demonstrated by these-exhibits that the appellant’s defense of accord and satisfaction could not be sustained: in fact and therefore no genuine issue of' any material fact remained for determination.
The appellant did not attempt to amends its answer so as to create the new issues set out in the affidavits. On motion for summary judgment, the only genuine issue of a material fact was as to the existence-of a new written contract between the parties. The appellant offered nothing to rebut the showing made by the appellee’s affidavits and exhibits which conclusively showed the non-existence of a new contract.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.