HENDRY, Judge.
This is an interlocutory appeal by Allstate Insurance Company, defendant in the trial court, from a partial summary judgment entered on February 25, 1975. Ap-pellee Arlyne Flickinger was the plaintiff in the trial court, and appellees Guy Trapi-ni and Samuel Morse were defendants in the trial court along with appellant Allstate. The partial summary judgment on liability held that appellee Guy Trapini was an insured under the liability sections of a homeowner’s insurance policy issued by Allstate to Samuel Morse.
This case was instituted in the trial court when appellee, Arlyne Flickinger, as plaintiff filed a suit for bodily injuries. In her complaint, among other things, ap-pellee Flickinger alleged that on or about August 26, 1972, appellee Trapini was a guest in the home of appellee Morse. Flickinger also alleged that at the same time she was a guest in the Morse residence. The complaint further alleged that she and Trapini were dancing and that he danced so carelessly and negligently with her that he lost his balance, fell on top of her and caused her to strike the floor.
Concerning Allstate, Flickinger alleged that at the time of the accident an Allstate homeowner’s insurance policy was in effect ; that the policy insured Morse for his liability to her; and that pursuant to Florida law, she was a third party beneficiary of the Allstate homeowner’s policy. Our reading of the record shows that at no time did any party claim that Trapini was insured under the Allstate homeowner’s policy.
After a hearing before the trial court on appellee Flickinger’s motions for summary judgment, the court entered its partial summary judgment finding as a matter of law that there was coverage under the Allstate homeowner’s policy for Trapini. It is from this judgment that appellant brings its appeal.
Rule 1.510(c), Florida Rules of Civil Procedure, 31 F.S.A., provides, inter alia, that a summary judgment, interlocutory in character, may be rendered on the issue of liability alone, if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact.
We have considered the record, all points in the briefs and arguments of counsel in light of Rule 1.510(c) and the con *640 trolling principles of law, and have concluded that, at the present posture of the case in the trial court, it was premature for the trial judge to grant the partial summary judgment. Further, we are not passing upon the question of coverage for Trapini under the Allstate homeowner’s policy and that question may be further litigated in the trial court. See Wells v. Thomas, Fla.1956, 89 So.2d 259; Seaview Awning Shutters v. E. M. Disfield Inc., Fla.App.1958, 106 So.2d 597; 19 Fla.Jur. Judgments and Decrees, § 7; and 30 Fla. Jur., Summary Judgment, §§ 12 and 29. Therefore, for the reasons stated and upon the authorities cited, the partial summary judgment appealed is reversed and remanded for further proceedings.
Reversed and remanded.