ERVIN, J.
Appellants, James and Barbara Crane, appeal from a final declaratory judgment upholding the validity of a tax deed issued to appellee, Frederick Martin. The Cranes contend that the tax deed was void, because the published notice failed to include the name of Barbara Crane, and because the notice of tax sale was not mailed to the Cranes’ home address. We affirm, because the statute requiring notice by publication, section 197.512(1), Florida Statutes (1997), is directory rather than jurisdictional, and because the clerk of the circuit court complied with the statutory requirements of section 197.522(1), Florida Statutes (1997), for notice by mail.
*1252 The Cranes took title in 1982 to an office building located at 1221 Shackleton Road in Jacksonville, where James Crane operated his medical practice. This location was listed on the warranty deed as the Cranes’ address, although their residence was on Lakeview Road East. James Crane began working elsewhere in 1992 and leased the office, but did not notify the tax assessor that the annual statement of taxes should be mailed to his home address instead of the Shackleton Road office. The Cranes testified that they believed their tenants were paying taxes on the building.
Tax certificates were issued in 1997 for unpaid taxes on the property since 1993. Florida Tax Search, Inc., searched the Du-val County records and determined that the property was assessed on the last tax roll to titleholders James and Barbara Crane at 1221 Shackleton Road. For four weeks, the Jacksonville Financial News & Daily Record published a Notice of Application for Tax Deed, naming James D. Crane as the name in which the property was assessed, but omitting the name of Barbara K. Crane. Notice of tax sale was also sent by certified mail to both James and Barbara Crane at the office address, 1221 Shackleton Road, but was returned undelivered. The notice was personally served on both James and Barbara Crane by being posted at 1221 Shackleton Road. Appellee acquired the property at a tax sale in 1998, whereupon the Cranes filed an action for declaratory judgment to set aside the tax deed.
The Cranes contend that this case is controlled by Wells v. Thomas, 89 So.2d 259 (Fla.1956), wherein the court held that notice by publication was a jurisdictional requirement; thus, any material defect in such notice renders the tax deed void. The court observed that section 194.16, Florida Statutes, a predecessor to section 197.512(1), contained the precise form for published notice, and required such notice to state the name in which the property was assessed. In 1971, however, after Wells was decided, the statute was amended to remove the form, and instead provided: “The form of notice of the application for a tax deed shall be as prescribed by the department of revenue.” § 197.246, Fla. Stat. (Supp.1972). In our judgment, the elimination of the form from the statute and the delegation of the responsibility to an administrative agency for determining the content of the notice establishes that the legislature no longer considers the content of the notice to be jurisdictional. Consequently, Wells v. Thomas no longer controls. Cf. Saunders v. Quantrell, 206 So.2d 645 (Fla.1968), adopting sub nom. dissent in Gilliam v. Saunders, 200 So.2d 588, 591 (Fla. 1st DCA 1967) (Wigginton, Acting C.J., dissenting) (in amending statute requiring publication of notice, legislature omitted provision that prohibited tax sale unless proof of publication was filed, thus proof requirement became directory rather than jurisdictional).
Florida Administrative Code Rule 12D-13.062(c) provides the form for the published notice under section 197.512(1), and requires the notice to include “the names in which [the property] was assessed.” Although the notice in the Financial News & Daily Record omitted the name of Barbara K. Crane, such omission does not invalidate the tax deed. Section 65.081, Florida Statutes (1997), provides, in part:
(3) WHEN TAKES HAVE BEEN PAID.-No defense to the action or attack upon the tax deed shall be made except the defense that the taxes assessed against the property had been paid by the former owner before issuance of the tax deed.
Section 197.122(1), Florida Statutes (1997), also states, in part:
No sale or conveyance of real or personal property for nonpayment of taxes shall be held invalid except upon proof that:
(a) The property was not subject to taxation;
*1253 (b) The taxes had been paid before the sale of personal property; or
(c) The real property had been redeemed before the execution and delivery of a deed based upon a certificate issued for nonpayment of taxes.
In Dawson v. Saada, 608 So.2d 806, 809 (Fla.1992), the court observed that these laws enumerate the only bases for invalidating a tax deed, “provided that there has been compliance with the notice [by mail] requirements of section 197.522(1).” The court noted that the service of notice provisions of section 197.522(2) simply provides “an additional opportunity for owners of tax-delinquent property to redeem their interest.” Id. at 808. Similarly, notice by publication is primarily intended to furnish notice to interested bidders, and while it does offer owners another opportunity to redeem their interest, it is not essential so long as the provisions requiring notice by certified mail have been satisfied.
In Mennonite Board of Missions v. Adams, 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983), the Supreme Court held that notice by publication and posting alone did not satisfy due process requirements, and in doing so observed that notice by publication is not reasonably calculated to inform an interested party who can be more effectively notified by personal service or certified mail. “Because they are designed primarily to attract prospective purchasers to the tax sale, publication and posting are unlikely to reach those who, although they have an interest in the property, do not make special efforts to keep abreast of such notices.” Id. at 799, 103 S.Ct. 2706. Instead, “[njotice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party, whether unlettered or well versed in commercial practice, if its name and address are reasonably ascertainable.” Id. at 800,103 S.Ct. 2706.
In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315, 70 S.Ct. 652, 94 L.Ed. 865 (1950), the Court similarly stated, “Chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper[.]” While published notice may be adequate with regard to interested parties whose addresses are unknown, “[w]here the names and post office addresses of those affected by a proceeding are at hand, the reasons disappear for resort to means less likely than the mails to apprise them of its pendency.” Id. at 318, 70 S.Ct. 652.
Because the clerk of the circuit court in the case at bar complied with the actual notice requirements of section 197.522(1) by mailing the notice of application for tax deed to the Cranes by certified mail, sections 65.081(3) and 197.122(1) preclude invalidating the tax deed based upon the omission of Barbara Crane’s name from the published notice.
Appellants also contend that the tax deed should be invalidated because the notice by certified mail was sent to the Shackleton Road address of the property rather than to the Crane’s home address on Lakeview Road East. This latter address appears on a quit-claim deed to the Cranes by a predecessor in title. The clerk’s failure to send the notice to the Crane’s residence has no effect on the legitimacy of the tax deed. Section 197.522(l)(d) expressly provides: “The failure of anyone to receive notice as provided herein shall not affect the validity of the tax deed issued pursuant to the notice.” Indeed, in Dawson, the court observed that although the notice was not mailed to the property owners’ current residence, and the record did not indicate that they had actually received notice, the omission was immaterial, pursuant to section 197.522(l)(d). “[T]he relevant issue is whether the clerk complied with the notice provisions, not whether the owner actually received notice.” Dawson, 608 So.2d at 808, n. 1. There was no evidence below *1254 that the clerk of the court failed to comply with section 197.522(1).
AFFIRMED.
MINER and KAHN, JJ., CONCUR.