932 So.2d 587 (2006)
PATRICIA WEINGARTEN ASSOCIATES, INC., Appellant,
v.
JOCALBRO, INC. and Joe C. Brown, etc., Appellee.
No. 5D05-2239.
District Court of Appeal of Florida, Fifth District.
June 30, 2006.
Peter N. Price of Peter N. Price, P.A., Hollywood, for Appellant.
Garry D. Adel of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Appellee.
SHARP, W., J.
Patricia Weingarten Associates, Inc. appeals from a final judgment quieting title to fourteen parcels of land in Marion County in favor of Jocalbro, Inc. and Joe C. Brown, trustee for Jocalbro, Inc. Profit Sharing Plan Trust. Jocalbro and Brown acquired the parcels by tax deed after Weingarten failed to pay the taxes on the property. Weingarten claims it never received notice of the tax deed sale and only became aware of the sale when this suit to quiet title was filed.
After the trial in this case, the United States Supreme Court issued its decision in Jones v. Flowers, ___ U.S. ___, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006). In Jones, the Court held that when a mailed notice of a tax sale is returned unclaimed, the state, as a matter of due process, must take additional reasonable steps to attempt to provide notice to the property owner before selling the property, if it is practicable to do so. The Court also held that the taxpayer's failure to comply with his obligation to keep his address updated did not result in the forfeiture of his right to constitutionally sufficient notice.
In the present case, Weingarten alleges the notice sent by the Clerk pursuant to the mandatory notice requirements of section 197.522, Florida Statutes,[1] was returned *588 as undeliverable. However, we are unable to determine this from the record before us. Nor are we able to determine if additional reasonable steps to attempt to provide notice to Weingarten were taken because no testimony was presented from the Clerk or the Tax Collector. The record does indicate that other properties owned by Weingarten, upon which taxes were paid, had the correct address because the Clerk had complied with a change of address notice Weingarten had previously sent to the Tax Collector.
Because the parties did not have the benefit of Jones at the time of the trial, we reverse and remand to the court below to reconsider the notice issue. On remand, the parties may present additional evidence and argument to determine whether Weingarten received constitutionally sufficient notice of the tax sale and whether the Clerk took additional reasonable steps to provide notice after return of the unclaimed notice.
REVERSED AND REMANDED.
GRIFFIN and PALMER, JJ., concur.
NOTES
[1] 197.522. Notice to owner when application for tax deed is made

(1)(a) The clerk of the circuit court shall notify, by certified mail with return receipt requested or by registered mail if the notice is to be sent outside the continental United States, the persons listed in the tax collector's statement pursuant to s. 197.502(4) that an application for a tax deed has been made. Such notice shall be mailed at least 20 days prior to the date of sale. If no address is listed in the tax collector's statement, then no notice shall be required.