974 So.2d 559 (2008)
PATRICIA WEINGARTEN ASSOCIATES, INC., Appellant,
v.
JOCALBRO, INC. and Joe C. Brown, etc., Appellee.
No. 5D06-4233.
District Court of Appeal of Florida, Fifth District.
February 15, 2008.
*561 Peter N. Price, of Peter N. Price, P.A., Hollywood, for Appellant.
Garry D. Adel, of Blanchard, Merriam, Adel & Kirkland, P.A., Ocala, for Appellee.
ORFINGER, J.
Patricia Weingarten Associates, Inc. timely appeals from a final judgment in favor of Jocalbro, Inc. and Joe C. Brown, trustee for Jocalbro, Inc. Profit Sharing Plan Trust, quieting title to fourteen parcels of real property in the Rainbow Park subdivision, Marion County, Florida. On appeal, Weingarten argues that the notice given prior to the tax sale, or more accurately, the lack of notice, deprived it of property without due process. We agree and reverse.
In March and May 2004, following applications for tax deeds, Marion County conveyed seven parcels of real property to Jocalbro, Inc. and seven parcels to Joe C. Brown, trustee for Jocalbro, Inc. Profit Sharing Plan Trust. Prior to the tax deed conveyances, record title was in Weingarten's name. The tax deeds were issued as the result of Weingarten's failure to pay the 1993 taxes on the parcels of real property and its subsequent failure to satisfy the tax certificates sold in December 2000. Several months later, Jocalbro, Inc. and Joe C. Brown (collectively "Jocalbro") filed a complaint to quiet title to the parcels. Weingarten filed an answer, denying the relevant allegations of the complaint, and a counterclaim, seeking to cancel the tax deeds. In its answer, Weingarten alleged it had notified the Marion County Tax Collector of its correct mailing address in Missouri and that the Tax Collector failed to update the tax rolls with the new address. Weingarten alleged that it had not received any notice of the tax deed sale and became aware of the sale only when the quiet title suit was filed. Weingarten further noted it had received tax bills for the years 2001, 2002 and 2003 for other properties it owned in Marion County with its correct mailing address.
After final judgment was entered quieting title to the fourteen parcels of land in favor of Jocalbro, Weingarten appealed to this Court. While the appeal was pending, the United States Supreme Court issued its opinion in Jones v. Flowers, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), holding that when, as here, `a mailed notice of a tax sale is returned unclaimed, the state, as a matter of due process, must take additional reasonable steps to attempt to provide notice to the property owner before selling the property, if it is practicable to do so. The Court further held that a taxpayer's failure to keep his address updated with the taxing authorities did not serve to forfeit constitutionally sufficient notice.
Based on the holding in Jones, we reversed the final judgment and remanded the case, writing:
In the present case, Weingarten alleges the notice sent by the Clerk pursuant to the mandatory notice requirements of section 197.522, Florida Statutes, was returned as undeliverable. However, we are unable to determine this from the record before us. Nor are we able to determine if additional reasonable steps to attempt to provide notice to Weingarten were taken because no testimony was presented from the Clerk or the Tax Collector. The record does indicate that" other properties owned by Weingarten, upon which taxes were paid, had the correct address because the Clerk had complied with a change of address notice Weingarten had previously sent to the Tax Collector.
Because the parties did not have the benefit of Jones at the time of the trial,

*562 we reverse and remand to the court below to reconsider the notice issue. On remand, the parties may present additional evidence and argument to determine whether Weingarten received constitutionally sufficient notice of the tax sale and whether the Clerk took additional reasonable steps to provide notice after return on the unclaimed notice.
Patricia Weingarten Assocs., Inc. v. Jocalbro, Inc., 932 So.2d 587, 587-88 (Fla. 5th DCA 2006) (internal footnote omitted).
On remand, the evidence before the trial court showed that, other than a published notice in the newspaper, no additional steps were taken by the Clerk after the mailed notices were returned unclaimed. Further, the evidence demonstrated that pursuant to a letter from Weingarten sent sometime between 1999 and 2001, the Tax Collector mailed the tax bills to the Missouri address for several other parcels of property that Weingarten owned in the same subdivision, but inexplicably, failed to update the addresses used for the fourteen parcels at issue here.[1] Again, the trial court entered judgment quieting title in favor of Jocalbro. This appeal followed.
Weingarten argues that constitutionally adequate notice, which is a prerequisite to the issuance of a tax deed, was not given, and, as a result, the tax deeds should be cancelled. Weingarten contends that it notified the Tax Collector of its change of address, and that the Tax Collector should have updated all of its records since it had Weingarten's correct address at hand. Weingarten also argues that the Clerk failed to satisfy the standard established in Jones, as there was no follow-up after the mailed notices were returned. Jocalbro responds that the procedure utilized satisfied due process requirements because the taxing authorities followed the statutory scheme for providing notice of the tax sale.
Chapter 197 governs tax collections, sales, and liens. Section 197.522, Florida Statutes (2004), prescribes the procedures for notifying a property owner when an application for a tax deed has been made for his property. Relevant to this appeal is section 197.522(1)(a), which mandates that the Clerk of the Circuit Court
shall notify, by certified mail with return receipt requested or by registered mail if the notice is to be sent outside the continental United States, the persons listed in the tax collector's statement pursuant to s. 197.502(4) that an application for a tax deed has been made. Such notice shall be mailed at least 20 days prior to the date of sale. If no address is listed in the tax collector's statement, then no notice shall be required.
Section 197.502(4)(a), Florida Statutes (2004), provides in pertinent part:
(4) The tax collector shall deliver to the clerk of the circuit court a statement that payment has been made for all outstanding certificates or, if the certificate is held by the county, that all appropriate fees have been deposited, and stating that the following persons are to be notified prior to the sale of the property:
(a) Any legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner. However, if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property *563 was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll.
Read together, these statutes "require the clerk to mail a notice of tax deed sale to the legal titleholder at the titleholder's address as it appears on the latest assessment roll." Delta Prop. Mgmt., Inc. v. Profile Invs., Inc., 875 So.2d 443, 447 (Fla. 2004). However, "`the failure of anyone to receive notice' as provided in section 197.522(1) does not affect the validity of the tax deed" so long as the notice requirements of the statute were followed, Dawson v. Saada, 608 So.2d 806, 808 (Fla.1992) (quoting section 197.522(1)(d), Florida Statutes (1987)), provided that, as required by Jones, the Clerk takes such additional reasonable steps as are practicable to insure that the property owner receives notice of the sale.
In Vosilla v. Rosado, 944 So.2d 289, 291 (Fla.2006), the Florida Supreme Court addressed the issue of whether notice to a property owner of a pending tax deed sale that complies with section 197.522(1) can nonetheless violate constitutional due process when the notice is not reasonably calculated to apprise the owners of the tax deed sale. There, the taxing authority received a notice from the titleholder of a change of address, but sent notice of the tax deed sale to a prior address. Discussing constitutional due process requirements, the court said that "[a] landowner whose property is to be sold for delinquent taxes undoubtedly has a vested ownership interest in the subject property and is therefore entitled to notice of a pending tax deed sale.'" Id. at 294 (quoting Dawson, 608 So.2d at 808). Notice must be provided that is "`reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Id. (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). The court added that whether a particular method of notice is reasonably calculated to provide adequate notice depends on "`due regard for the practicalities and peculiarities of the case.'" Id. (quoting Mullane, 339 U.S. at 314-15, 70 S.Ct. 652). The court appeared to place particular emphasis on the fact that the property owners twice advised the taxing authorities in writing of their change of address. Id. at 300. Given those circumstances, the court held that the steps taken were not reasonably calculated to provide the property owners with notice. Id. Here, Weingarten likewise provided notice of its new address to the authorities.
In Jones, the United States Supreme Court addressed the issue of adequate notice prior to a tax sale. There, the plaintiff owned, but did not reside in a house on which taxes went unpaid. Id. at 223, 126 S.Ct. 1708. The Clerk sent certified letters to the plaintiff advising of the impending tax sale, but no one was home to sign for them. When no one claimed the letters at the post office, they were returned to the Clerk stamped "unclaimed." Id. at 223-24, 126 S.Ct. 1708. The Supreme Court held that, under those circumstances, the state should have taken some additional reasonable steps to notify the property owner. Id. at 234, 126 S.Ct. 1708. What additional steps "are reasonable in response to new information depends upon what the new information reveals." Id.
Here, the Clerk did not send notice to Weingarten's Missouri address, but rather, sent the notices by certified mail to four different addresses, all of which were returned "unclaimed." Given the information that was readily available, specifically *564 Weingarten's correct address in Missouri, we conclude that the notice was insufficient because the Clerk failed to make further efforts to provide the notice after it was known that the certified letters had not reached Weingarten.[2]
While "the clerk is not required to search all public records available to determine the actual status of ownership," Hutchinson Island Realty, Inc. v. Babcock Ventures, Inc., 867 So.2d 528, 531 (Fla. 5th DCA 2004), review denied, 892 So.2d 1012 (Fla.2004),[3] some reasonable follow-up measures must be employed when the government knows or has reason to know that the notice did not reach the property owner, Jones, 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415. See generally § 197.522(3), Fla. Stat. (2007) (stating that "[n]othing in this chapter shall be construed to prevent the tax collector, or any other public official, in his or her discretion from giving additional notice in any form concerning tax certificates and tax sales beyond the minimum requirements of this chapter"). Here, the Tax Collector needed to look no further than its own records to determine Weingarten's correct address.[4] The only follow-up measure that the Clerk employed after the notices were returned unclaimed was publishing the notice of the application for tax deeds in the Ocala Star-Banner, a statutorily mandated, but generally less than effective approach. See Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 489, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988) ("As the Court noted in Mullane, `chance alone brings to the attention of even a local resident an advertisement in small type inserted in the back pages of a newspaper.'") (quoting Mullane, 339 U.S. at 315, 70 S.Ct. 652); City of New York v. New York, New Haven & Hartford R.R. Co., 344 U.S. 293, 296, 73 S.Ct. 299, 97 L.Ed. 333 (1953) ("Notice by publication is a poor and sometimes a hopeless substitute for actual service of notice."); cf. Pope, 485 U.S. at 490, 108 S.Ct. 1340 ("For creditors who are not `reasonably ascertainable,' publication notice can suffice.").
Under the circumstances presented here, additional reasonable steps were available to provide adequate notice to *565 Weingarten of the impending tax deed sale. Because the failure to provide adequate notice was a failure of due process, we reverse and remand with directions that final judgment be entered in favor of Weingarten.[5]
REVERSED AND REMANDED.
MONACO and TORPY, JJ., concur.
NOTES
[1] To be sure, Weingarten should have been more diligent with respect to its property. The notice given to the Tax Collector was very generic. However, it must have been adequate because the tax bills for some of Weingarten's property were mailed to the correct address in Missouri and the bills were paid.
[2] Jocalbro argues that the attempted service by the Sherriff satisfied the "additional steps" requirement of Jones. However, that attempted service was done twelve days before the certified mailed notices were returned "unclaimed." Further, the return of service clearly indicated that Weingarten was "Not known to anyone here." In addition, the Clerk only instructed the Sherriff to attempt service at one address, but the certified mail was sent and returned unclaimed to four addresses. Notwithstanding, as the attempted service occurred prior to the return of the unclaimed notice, the Clerk was on notice that the attempt to contact Weingarten at the listed address(es) had failed. See Cusack v. Homeowners Assistance Group, LIC, 961 So.2d 999, 999 (Fla. 3d DCA 2007) (stating that Jones noted that "due process may be met if notice of a tax deed certificate were posted on the front door upon receipt of the certified letter marked as undeliverable") (emphasis added).
[3] The government is not required to search the "phonebook and other government records such as income tax rolls" to locate a delinquent taxpayer. Jones, 547 U.S. at 235-36, 126 S.Ct. 1708; see Jones, 547 U.S. at 247 n. 6, 126 S.Ct. 1708 (Thomas, J., dissenting) (stating that Supreme Court "stop[ped] short of saddling State with . . . searching state tax records, the phone-book, the Internet, department of motor vehicle records, or voting rolls, contacting his employer, or employing debt collectors").
[4] In fact, the Tax Collector sent tax bills to Weingarten in Missouri for 2001, 2002 and 2003 for other lots that Weingarten owned in Rainbow Park. In addition, Weingarten sent money orders with the Missouri address to the Marion County Tax Collector to redeem tax certificates for other parcels.
[5] Jocalbro argues that the United States Supreme Court approved posting as an "additional step." However, Jones made clear that the Court was not "prescrib[ing] the form of service that the [government] should adopt[]" but was leaving the determination as to how to provide adequate notice to each state. 547 U.S. at 238, 126 S.Ct. 1708 (quoting Greene v. Lindsey, 456 U.S. 444, 445 n. 2, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982)). The Court detailed the different methods that states use as follow-up measures, including personal service, regular mail, posting a notice on the front door of the property, or addressing undeliverable mail to "occupant" rather than the individual's name. Jones, 547 U.S. at 235, 126 S.Ct. 1708. This did not, in our view, constitute a holding by the Court of Constitutional adequacy. The inquiry remains the same-what additional steps did the Clerk take when notice of the tax sale was returned as unclaimed. See id. at 238 n. 2, 126 S.Ct. 1708 (recognizing that some states, including Florida, "require that notice be posted on the property or at the property's owner's last known address . . . as a follow[-]up measure when personal service cannot be accomplished or certified mail is returned") (citing § 197.522(2)(a), Fla. Stat.) (emphasis added).