SALTER, J.
Mrs. Betty Horne appeals an adverse final summary judgment in two consolidated circuit court cases. In the first, she and her late husband sued appellees Miami-Dade County and Metropolitan Homes LLC to vacate a tax certificate sale of the Hornes’ Miami Lakes home of 37 years. In the second, appellee Metropolitan (purchaser of the home at the tax deed sale for a fraction of its then-assessed value) sued to quiet title to the home. We reverse the final summary judgment and remand the cases for further proceedings.
The Hornes purchased their home in Miami Lakes in 1968. In 1995, they conveyed the residence to themselves as initial co-trustees of an express family trust agreement. By 2005, they owned the *988 home free and clear. In that year, in recognition of their advanced age and poor health (Mr. Horne had been diagnosed with dementia), the Hornes moved in with a son in Palm Beach Gardens. The family trust retained title to the unoccupied home in Miami Lakes.
Through some unspecified oversight, the 2005 property tax bill on the home in Miami Lakes was not paid and, consistent with Chapter 197, Florida Statutes (2005), a tax certificate was issued in mid-2006. Although the property taxes on the Miami Lakes residence for 2006 were paid, the tax certifícate for the unpaid 2005 taxes remained outstanding. In late 2009, the certificate holder applied to the Miami-Dade tax collector for the issuance of a tax deed.[1] Certified mailings to the Hornes’ Miami Lakes address were returned as undeliverable. The Clerk’s office also published the four weekly notices of tax deed sale as specified in section 197.512, Florida Statutes (2009).
In January 2010, the Miami-Dade Clerk’s office conducted an auction sale of the home. A video and transcript of the auction are part of the record. For a property with a 2010 assessed value of over $215,000, appellee Metropolitan ultimately bid and paid $50,000. The bidding had moved from the statutory floor amount of $17,151 through levels at $25,000, $40,000, and $41,000, before Metropolitan bid $50,000. As the auctioneer began to close the bidding, another bidder attempted to bid $53,000. The auctioneer did not allow the bid, and Metropolitan was issued a tax deed. The circuit court lawsuits (and the final summary judgment denying relief to Mrs. Horne) followed.
In a motion for relinquishment, and thereafter at oral argument, the County candidly and commendably acknowledged that an evidentiary hearing regarding the notice issue would have been appropriate in light of Mrs. Horne’s affidavit. We agree. Although the applicable tax deed statute and rule[2] purport to limit sharply the issues that can be raised if the specified prerequisite steps have been taken, Florida courts have granted relief when the Clerk’s attempted notice of the pending deprivation of property is ineffective and additional reasonable steps might have provided actual notice. Delta Prop. Mgmt. v. Profile Invs., Inc., 87 So.3d 765 (Fla. 2012); Patricia Weingarten Assocs., Inc. v. Brown, 974 So.2d 559 (Fla. 5th DCA 2008). Such decisions are grounded upon basic constitutional due process considerations.
Metropolitan disagrees with its co-appel-lee and argues that Crane v. Martin, 741 So.2d 1251 (Fla. 1st DCA 1999), controls. We find the recent cases more persuasive on the particular record here, however, as this is a case in which the statutory form of notice was concededly ineffectual, a later property tax bill was paid, the Hornes’ local telephone number continued to be listed, and the property in question is a residence rather than (as in Crane) an office building.
As a second and independent basis for reversal, we are concerned that the visible irregularity in the auction of the property, coupled with the gross disparity between the bid and the assessed value, failed to elicit truly competitive bidding. As all of the equity above the certificate amount and costs of sale were for the benefit of the Hornes, they have demonstrated a resulting injustice. In Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966), the Supreme Court of Florida explained:
The general rule is, of course, that standing alone mere inadequacy of price *989 is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
In the present case, Mrs. Horne has indicated that she is prepared to assure that Metropolitan’s winning bid amount is refunded, with statutory interest. Property taxes payable or paid after Metropolitan took title must also be addressed as the 2010 auction sale is unwound and the parties are restored to the status quo ante.
The summary final judgments below are reversed and remanded for further proceedings. In the event that the court determines that the County took “additional reasonable steps” to notify Mrs. Horne of the 2010 tax sale (satisfying the due process requirements for adequate notice as addressed in Delta Property Management, supra), a new auction sale shall be conducted upon written notice to Mrs. Horne and her counsel.
Reversed and remanded.

. § 197.502, Fla. Stat. (2009).

. Fla. Admin. Code R. 12D-13.062.