# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1033
Lower Tribunal No. 19-11796
_____

**Errol Rainess,**
Appellant,

vs.

**Jose Perez 1031 4, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Carlos A. Ziegenhirt, P.A. and Carlos A. Ziegenhirt, for appellant.

Feinstein, Mendez & Cobreiro, P.A., and Brett Feinstein; Holland & Knight LLP, and Rebecca M. Plasencia, and Jose A. Casal; Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and Ryan Carlin, Assistant County Attorney, for appellees.

Before FERNANDEZ, MILLER and BOKOR, JJ.

FERNANDEZ, J.

Errol Rainess appeals the trial court's order granting final summary judgment in favor of Harvey Ruvin, Clerk of Court for Miami-Dade County; Marcus Saiz de la Mora, Tax Collector for Miami-Dade County; and Jose Perez 1031 4, LLC, purchaser of the real property at the tax deed sale (collectively, "Appellees"). Finding that the Clerk provided deficient notice of the tax deed sale in violation of due process, we reverse the order granting final summary judgment and remand with instructions for the trial court to enter summary judgment in favor of Rainess and to cancel the tax deed sale.

Rainess claims that the Clerk failed to provide him notice of the tax deed sale of his Brickell condo unit in violation of due process. Rainess owned a condo unit in Miami with his wife as homestead property. In 2001, His wife passed away, and the homestead status was later revoked. Since 2014, Rainess has lived between New York City and Belgium, never returning to his Miami condo. Due to his poor health, he has primarily lived at his apartment in New York City where he has been receiving medical treatment. Though he has lived away from Miami for many years, he never filed a change of address nor had his mail forwarded.

From 2015 to 2018, Rainess failed to pay taxes on his Miami property. Sometime before January 2017, Rainess realized that his bank, Doral Bank, had not paid his property taxes for 2015 and 2016, and the tax exemptions

2

on the property had been removed. He discovered that Doral Bank had failed and had closed. In early 2017, Rainess attempted to pay back taxes for the year 2015 by sending the Tax Collector a personal check with his New York address listed on the check. Because a personal check is an unacceptable form of payment of delinquent taxes, the Miami-Dade Tax Collector returned the personal check to the New York address listed on the check along with a letter dated February 21, 2017, addressed to Rainess. The letter lists an account number at the top of the page and includes Rainess's New York City address directly below his name. In the body of the letter, the Tax Collector explains the reason for the return of the personal check, the correct methods of payment for delinquent taxes, proposed dates of repayment, and the specific amounts due for 2015 and 2016.

On April 25, 2018, an application for tax deed for the subject property was filed. On August 31, 2018, the Tax Collector certified the application for tax deed, listing the Miami property as Rainess's address. On or about September 3, 2018, the Clerk received a title report from the Tax Collector, which listed Rainess as the sole legal titleholder with the subject property as his address. On January 23, 2019, the Clerk mailed the Notice of Application for Tax Deed (dated January 17, 2019) to the Appellant (and to his wife, separately) via certified mail to the Miami address. In addition to sending

notice by certified mail, the Certificate of Mailing dated January 7, 2019, indicates that notice was also sent by registered mail and regular mail to the Miami address and was delivered to the Sheriff for posting to the property. The Sheriff posted notice at the address on or about February 21, 2019. Additionally, the Clerk published notice of the impending tax deed sale in the Daily Business Review for four consecutive weeks beginning on February 7, 2019. The certified mail was returned "unclaimed" and "unable to forward"; the stamp on the certified return receipt is dated February 16, 2019; and the Clerk's stamp indicates that it was received by the Clerk on February 22, 2019.

After the certified mail was returned, the Clerk asked the Tax Collector for an updated title report, which once again only provided the Miami address. The Clerk also reviewed the Property Appraiser's website and the Tax Collector's "TaxSys" website to confirm that he had Rainess's correct address. The Clerk claims that he did not discover "any addition or supplemental information . . . related to and/or concerning the individual or entities to be noticed." On March 14, 2019, the Clerk held an auction where the property was sold to Jose Perez 1031 4, LLC ("Perez"). On March 18, 2019, the tax deed was recorded transferring fee simple title to Perez. Without citing to the record, Rainess claims that Perez either sold or

4

disposed of all of his and his late wife's personal property housed in the condo.

Rainess claims that he never received notice from the Clerk before the sale, and that he first discovered that his Miami property had been sold at a tax deed auction when private entities started contacting him offering their services to recoup the surplus from the sale of the property. As a result, on April 18, 2019, Rainess brought suit against Perez seeking to vacate the tax deed and to quiet title.[1] He later amended his complaint adding the Clerk of Court and the Tax Collector as defendants, alleging that he was not provided notice of the tax sale in violation of due process.

Rainess argues that the Tax Collector gave the Clerk a deficient address listing. Rainess also argues that once the Clerk received notice that mail was not accepted at the Miami address, he was required by statute to investigate further. Rainess argues that if the Tax Collector, who had sent mail to Rainess's New York address, would have provided a thorough listing and if the Clerk of Court would have investigated the Tax Collector's records, they would have discovered the New York address and provided notice to Rainess at that address.

---

[1] Rainess failed to argue these points on appeal but instead chose to focus on the deficiency of notice. Therefore, we find it unnecessary to delve into the facts and procedural history pertaining to Perez.

The Appellees argued that adequate notice was provided pursuant to the relevant statutes. The Tax Collector argues that it hired a third-party company, allowed by statute, to provide the address listing, which it then sent to the Clerk pursuant to statute. Though certified mail was returned undeliverable, the Clerk claims that it provided sufficient notice by also sending notice through regular mail and registered mail to the Miami address, the Sheriff posted notice at the Miami address, and notice was published in the Miami newspaper for four consecutive weeks, though these actions were taken prior to the return of the certified mail.

The parties filed cross-motions for summary judgment. After a hearing on the motions, the trial court granted summary judgment in favor of Appellees. The court rejected Rainess's argument that notice should have been sent to the New York address, stating:

> The Court finds that Plaintiff failed to take any reasonable steps regarding an alleged notice issue at the Subject Property: Plaintiff failed to submit a change of address or notice of secondary address form; Plaintiff failed to correct the lack of a secondary address, even after reviewing the information on the Property Appraiser's website; and Plaintiff failed to arrange with the United States Postal Service to forward his mail to his New York address.

Rainess appealed.

Final summary judgement orders are reviewed *de novo*. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

Section 197.522, Florida Statutes (2018), provides the general requirements for notice before the commencement of a tax deed sale. Rule 12D-13.062(3), Florida Administrative Code (2018), provides what the Clerk should do if notice is returned "undeliverable":

> (3) If the notice to titleholders required by Sections 197.502(4)(a) and 197.522(1), F.S., is returned to the clerk as "undeliverable," the clerk should review the most recent property tax roll and **the clerk's court and other records containing address information to attempt to get a valid address.** If an additional address is found, notice should be resent to the titleholder at that address.

(Emphasis added).[2] "[W]hen, as here, a mailed notice of a tax sale is returned unclaimed, the state, **as a matter of due process, must take additional reasonable steps** to attempt to provide notice to the property

---

[2] Section 197.522, Florida Statutes, which set forth the Clerk's duties upon receiving the Tax Collector's statement, was amended in 2018 to include subsection (3), which provides:

> (3) When sending or serving a notice under this section, the clerk of the circuit court may rely on the addresses provided by the tax collector based on the certified tax roll and property information reports. The clerk of the circuit court has no duty to seek further information as to the validity of such addresses, because property owners are presumed to know that taxes are due and payable annually under s. 197.122.

§ 197.522(3) Fla. Stat. (2018). The parties agree that this amendment does not apply to this case as it is not retroactive and only applies to tax deed applications filed on or after October 1, 2018. <u>See</u> Ch. 2018-160, § 4, Laws of Fla. In this case, the application for tax deed was filed on April 25, 2018.

7

owner before selling the property, if it is practicable to do so." Patricia Weingarten Assocs., Inc. v. Jocalbro, Inc., 974 So. 2d 559, 561 (Fla. 5th DCA 2008) (citing Jones v. Flowers, 547 U.S. 220, 126 S. Ct. 1708, 164 L.Ed.2d 415 (2006)) (emphasis added). "[W]hether a particular method of notice is reasonably calculated to provide adequate notice depends on 'due regard for the practicalities and peculiarities of the case.'" Id. at 563 (quoting Vosilla v. Rosado, 944 So. 2d 289, 294 (Fla. 2006)).

In addition to providing notice by certified mail, the Clerk asserts that he took additional steps to notify Rainess by providing notice through regular mail and registered mail sent to the Miami address, through the Sheriff posting notice to the Miami address, and by publishing notice in a Miami newspaper for four consecutive weeks. However, these additional steps were taken before the certified mail was returned "unclaimed" and "unable to forward." "[A]s the attempted service occurred prior to the return of the unclaimed notice, the Clerk was on notice that the attempt to contact [Rainess] at the listed address[ ] had failed." Id. at 564 n.2.

Moreover, it is clear from the record that after the certified mail was returned unclaimed, the Clerk asked the Tax Collector for an updated title report, which once again only provided the Miami address. The Clerk also reviewed the Property Appraiser's website and the Tax Collector's "TaxSys" website to confirm that it had Rainess's correct address. The Clerk claims

8

that it did not discover "any addition or supplemental information . . . related to and/or concerning the individual or entities to be noticed." However, by the Clerk's own indirect admission on appeal, Rainess's New York address was readily available on the Property Appraiser's website, which the Clerk claims he reviewed after service was returned undeliverable. In seeking to criticize Rainess, the Clerk stated on appeal:

> **Appellant also accessed the Miami-Dade County Property Appraiser's website**, printed out several pages from the website relating to the subject property, reviewed and made notes on those pages (R. 1056, 1169, 1205-19). **Those website pages . . . contained a copy of the Tax Collector's February 2017 letter returning his personal check.**

(Emphasis added). The February 2017 letter returning the personal check was sent by the Tax Collector to Rainess's New York address. The letter is addressed to Rainess, with his New York address listed directly below his name. In the body of the letter, the Tax Collector explains the reason for the return of the personal check, the correct methods of payment for delinquent taxes, proposed dates of repayment, and the specific amounts due for 2015 and 2016. This is exactly the type of "record[] [that] contain[s] address information to attempt to get a valid address," to which Rule 12D-13.062(3) refers.

Because Rainess's New York address was readily available on the Property Appraiser's website, which the Clerk claims he reviewed after

9

notice was returned undeliverable, notice of the tax deed sale was insufficient in violation of Rainess's due process rights. Patricia, 974 So. 2d at 563-64 ("Given the information that was readily available, specifically Weingarten's correct address in Missouri, we conclude that the notice was insufficient because the Clerk failed to make further efforts to provide the notice after it was known that the certified letters had not reached Weingarten. . . . Here, the Tax Collector needed to look no further than its own records to determine Weingarten's correct address.").[3][4]

Finding that the Clerk provided deficient notice of the tax deed sale in violation of due process, we reverse the trial court's order granting final

---

[3] The trial court found that Rainess failed to update his address or include a secondary address. However, "a taxpayer's failure to keep his address updated with the taxing authorities did not serve to forfeit constitutionally sufficient notice." Id. at 561.

[4] Section 197.122, Florida Statutes (2018), provides a limited list of instances in which a tax deed sale can be declared to be invalid. This list does not include defective notice. Nevertheless, as the Florida Supreme Court found in Dawson v. Saada, 608 So. 2d 806 (Fla. 1992):

> [W]e find that section[ ] [197.122] specif[ies] the bases by which either a tax deed or tax sale may be invalidated, provided that there has been compliance with the notice requirements of section 197.522(1). Without the notice mandated by section 197.522(1), the fundamental requirement of due process has not been satisfied and the tax deed or sale is not valid.

Id. at 809.

summary judgment in favor of Appellees and remand with instructions for the trial court to enter final summary judgment in favor of Errol Rainess and to cancel the tax deed sale. Nothing herein shall be construed to prevent the Tax Collector or Clerk from engaging in further proceedings to collect past due taxes, including a tax deed sale upon proper notice.

Reversed and remanded with instructions.

MILLER, J., concurs.

BOKOR, J., dissenting.

I respectfully dissent.  Rainess relies on <u>Vosilla v. Rosado</u>, 944 So. 2d 289, 291 (Fla. 2006), and <u>Patricia Weingarten Associates, Inc. v. Jocalbro, Inc.</u>, 974 So. 2d 559 (Fla. 5th DCA 2008), inter alia, to conclude that the Clerk violated due process notice requirements.  But in both cases, the Clerk performed no required follow-up after the mail was returned undeliverable, or the follow-up failed to identify the property owner's properly-filed change of address form.  <u>See</u> <u>Rosado</u>, 944 So. 2d at 300 ("Both the tax collector and the clerk of court received the change of address letters sent to them by the Rosados."); <u>Patricia</u>, 974 So. 2d at 563 ("Here, Weingarten likewise provided notice of its new address to the authorities."). Here, the Clerk sought additional information and Rainess never updated his address.

Due process is a flexible concept, as is reasonable notice, and "whether a particular method of notice is reasonably calculated to provide adequate notice depends on due regard for the practicalities and peculiarities of the case."  <u>Rosado</u>, 944 So. 2d at 294 (internal quotations

12

omitted). It is one thing to say that under the then-valid statutory scheme,[1] the Tax Collector and Clerk should be on notice of a change of address in their own files. See Patricia, 974 So. 2d at 564 ("Here, the Tax Collector needed to look no further than its own records to determine Weingarten's correct address."). It is quite another to say that an otherwise lawful tax deed sale is invalidated as constitutionally deficient because the Clerk of Courts failed to mail notice to an address on a returned personal check.[2]

The Clerk of Courts complied with the law in the first instance by providing notice via certified mail. The Clerk then performed the additional steps required to meet minimal due process.[3] Maybe the Clerk could have

---

[1] As the majority points out, the relevant statutory provision was amended in 2018, see § 197.522(3), Fla. Stat. (2018), but such amendment was not retroactive. We rely on the prior iteration at the time of the application for the tax deed.

[2] Rainess sent a personal check from the New York address, and the Tax Collector wrote back to that address to return the personal check and advise that payment was due pursuant to an authorized payment method (and received no response). Rainess had used the same address in correspondence years earlier, but subsequently filed a declaration of domicile listing only the Miami address.

[3] See, e.g., Delta Prop. Mgmt. v. Profile Invs., Inc., 87 So. 3d 765, 772 (Fla. 2012) (explaining that the United States Supreme Court has found due process requires additional steps when the notice is returned as undeliverable, "such as resending notice . . . by regular mail, posting notice on the front door of the property, or sending a notice addressed to 'occupant' by regular mail") (citing Jones v. Flowers, 547 U.S. 220, 235 (2006)).

13

gone the extra mile.  But our inquiry focuses on meeting the minimum requirements of due process.  I would affirm.