DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TEDDY JOSEPH,**
Appellant,

v.

**DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT**
o/b/o **OLLIE COLLINS,**
Appellee.

No. 4D19-487

[September 25, 2019]

Appeal from the State of Florida, Department of Revenue; L.T. Case Nos. 06550021920AO, 2001317056.

Teddy Joseph, Homestead, pro se.

Ashley Moody, Attorney General, Tallahassee, and Toni C. Bernstein, Senior Assistant Attorney General, Child Support Enforcement, Tallahassee, for appellee.

**CONFESSION OF ERROR**

PER CURIAM.

Teddy Joseph challenges the Department of Revenue's administrative support order entered in a proceeding under section 409.2563, Florida Statutes (2018). This court has jurisdiction to review the Department's order. *See* Fla. R. App. P. 9.030(b)(1)(C). Because the Department properly concedes error in providing Joseph proper notice, we reverse.

After initiating child support proceedings against Joseph, the Department created its proposed support order and sent it to Joseph at his previous address in Hialeah despite having his current address in Homestead on file. The proposed order listed Joseph's monthly child support obligation amounts and indicated that if he disagreed with the listed amounts, he should request a hearing. *See* § 409.2563(5). The order further indicated that it would become final if Joseph failed to request a hearing or otherwise respond. *See* § 409.2563(7). The Department finalized the proposed order when Joseph failed to respond. *See id.*

On appeal, Joseph claims he did not receive the Department's proposed order or final order. The Department concedes that the proposed order was sent to the incorrect address. *See Little v. D'Aloia*, 759 So. 2d 17, 20 (Fla. 2d DCA 2000) ("We hold that where the City had actual knowledge of the correct mailing address . . . and failed to provide the notice of hearing to [the] correct address, it failed to comply with the due process requirements."). Therefore, we order that the Department's final administrative support order be vacated and remand the case for an administrative hearing.

*Reversed and remanded.*

CONNER, KLINGENSMITH and KUNTZ, JJ., concur.

\*        \*        \*

**Not final until disposition of timely filed motion for rehearing.**